GIBBS v. SAWYER,

AND

GIBBS v. SEXTON & SON ET AL.

1. **Tax Sale :** REDEMPTION: STATUTE OF LIMITATIONS. An action by the heir of a minor to redeem from tax sale must be commenced within one year after the death of the minor.

*Appeal from Dallas District Court.*

WEDNESDAY, JUNE 5.

CHARLES W. GIBBS was the owner of one hundred and sixty acres of land in Dallas county. His title dated from October 1, 1855. The taxes on said land were delinquent for the years 1857, 1858, and 1859, and at the tax sale for 1861 the same was sold for said delinquent taxes. On the 19th day of December, 1866, the treasurer executed a tax deed in pursuance of the sale. Appellants claim title under said tax deed.

Charles W. Gibbs was born September 26, 1849, and died September 28, 1869. Lucius H. Gibbs, the plaintiff herein, was his only heir and representative, being his father. On the 25th day of September, 1871, Lucius H. Gibbs commenced this action to redeem the land in controversy from said tax sale. The court below entered a decree permitting redemption to be made. Defendants appeal.

*Barcroft, Given & Drabelle,* for appellants.

*D. W. Woodin* and *Callvert, Macy & Smith,* for appellees.

ROTHROCK, CH. J.—It was provided, by section 779 of the Revision of 1860, that "real property sold under the pro-

Gibbs v. Sawyer.

**1. TAX SALE: redemption: statute of limitations.** visions of this act may be redeemed at any time before the expiration of three years from the date of sale; * * * *provided*, that if real property of any minor, married woman or lunatic be sold for taxes, the same may be redeemed at any time within one year after such disability is removed, upon the terms specified in this section, which redemption may be made by the guardian or legal representatives." By chapter 173 of the Acts of 1862 this section was amended by omitting the words "married woman."

If Charles W. Gibbs had not died, his disability of minority would have been removed by his full age on the 26th day of September, 1870, and he would have been entitled to commence his action to redeem in one year from that time. This action was commenced by his father, as sole heir, within one year after his son would have been twenty-one years old. But Charles W. Gibbs died September 28, 1869, and the action was not commenced within one year of his death. The only question to be determined is, was the disability removed at his death, or did it continue in favor of his heir the same as it would have done to him if he had lived? The question is not free from doubt, but we think the disability must be held to have been removed by the death of the minor. Surely such would be the proper construction in case of the death of a married woman or a lunatic. In such case, if death does not remove the disability it would continue forever, for no one can determine when the lunatic would have recovered his reason or the married woman her rights as a *feme sole*. The policy and intention of the law is to give the owner of lands sold at tax sale one year to redeem, after the removal of the disability. There was no disability resting upon the father of Charles W. Gibbs when he inherited this land from his son. There was no disability of any one at the time Charles W. Gibbs would have been of full age. It could not, then, have been removed, for there was no disability to remove. Disability ceased when the ownership passed to an adult. The rule

here announced finds support in *Whitney v. Webb*, 10 Ohio, 513, and in *Carey's Administrator v. Robinson*, 13 Ohio, 181. The authorities cited by counsel for appellee we think are not inconsistent with the conclusion which we have reached.

