McCaughan et al. v. Tatman et al.

1. **Tax Sale**: STATUTE OF LIMITATIONS: MINOR. An action by the grantee of a minor to recover land from the holder of a tax deed therefor is barred in five years from the date of the conveyance from the minor.

2 ———: ———: ———. The fact that land is owned by a minor at the time of its sale for taxes and the execution of a deed therefor will not prevent the running of the statute of limitations against an action by the purchaser to recover the property, and such action is barred in five years from the date of the deed, if at the expiration of that time possession is held by the minor or those claiming under him.

*Appeal from Dallas Circuit Court.*

SATURDAY, APRIL 24.

ACTION to foreclose a mortgage executed to the plaintiffs by the defendant Tatman. Margaret H. Smith was made a defendant, as claiming some interest in the mortgaged premises. She appeared and set up a tax deed executed to her October 17, 1870. To her claim based upon the tax deed the plaintiffs pleaded the statutory bar of five years. The facts are, as appears by the finding of the court and agreement of counsel, that the land was sold on the 1st day of October, 1866, for the taxes of 1865; that the owner of the land at that time was one William E. Tatman, who was born in 1860; that a tax deed was executed to the defendant Margaret Smith October 17, 1870; that in April, 1874, the land was sold by the guardian of William E. Tatman to the defendant C. W. Tatman; that the latter took possession in May following; that prior to that time the land had been unimproved prairie, and entirely unoccupied; that the mortgage in question was executed by C. W. Tatman to plaintiffs September 3, 1877; that Margaret Smith never commenced any action or proceeding for the recovery of the land until the filing of her cross-bill in this action, June 10, 1878. Upon the foregoing facts the court rendered judgment in favor of the

plaintiffs against Tatman for the amount·of the mortgage debt, but denied them the right to foreclose against the land, and rendered a decree in favor of Margaret Smith, upon her cross-bill, quieting her title. The plaintiffs and Tatman appeal.

*McCaughan & Dabney*, for appellants.

*North & Barr*, for appellee.

ADAMS, CH. J.—The principal question presented in the case is as to whether Margaret Smith's claim, based upon her tax deed, is barred. Section 902 of the Code pro-

1. TAX SALE: statute of limitations: minor.

vides that "no action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the treasurer's deed is executed and recorded, provided that when the owner of such real property·sold as aforesaid shall. at the time of such sale be a minor * * * five years after such disability shall be removed shall be allowed such person, his heirs or legal representatives, to bring their action. The owner of this land at the time of this tax sale was a minor. But he sold to defendant Tatman during his minority, and as his disability did not rest upon the pur-chaser, the latter could be allowed only five years from the time of purchase to bring an action to recover the property, if such action was necessary. *Gibbs v. Sawyer*, 48 Iowa, 443. That he might have that time is evident. He should cer-tainly be allowed a reasonable time, and as five years would·have been allowed to his grantor under the statute after the removal of disability as a reasonable time, it appears to us that nothing less could be regarded as a reasonable time for the grantee.

As, therefore, the defendant Tatman might have had five years from the time of his purchase to bring an action to

2. ——: ——:——.

recover the property, which time·did not expire until April, 1879, it is insisted that the defendant Smith, the holder of the tax title, had the same time, and

was, therefore, not barred. It appears to us, however, that the disability of the person who owns the land at the time of the tax sale cannot have the effect to extend the time within which the holder of the tax title should bring an action to recover the property. Time is extended to the person under disability, because he is supposed not to be cognizant of his rights, or not able to assert them while under disability. But rights may be asserted against a person under disability, and the same reason exists why the claimant of the rights should be diligent in asserting them, as in a case where they are to be asserted against a person not under disability.

The defendant Smith, then, could at once upon obtaining her tax deed have maintained her action against the minor Tatman for the recovery of possession, unless the fact that she already had constructive possession should be deemed to preclude her, and it was held in *Barrett v. Love*, 48 Iowa, 103, that it should not. The fact that the minor might redeem at any time within a year after the removal of disability would not entitle him to hold possession against the holder of a valid tax deed. The legal title in general carries the right of possession, and the minor cannot set up anything against it if it is regular until he has defeated it by exercising his right to redeem. It is true the minor has before the exercise of such right an interest in the land which may be conveyed by deed, (*Stout v. Merrill*, 35 Iowa, 47 (58),) but, as it is held in that case, it is an equity, and it must be enforced if at all in a court of equity. Code, § 893.

As more than five years had elapsed after the defendant Smith had obtained her tax deed, and there being nothing to hinder her at any time from bringing an action to recover the property—*Barrett v. Love*, above cited—her right now to set up her tax deed must be deemed to be barred.

The appellee insists that this case is not triable because we have not the whole record before us. The evidence is not set out, but a finding of facts is. This we are inclined to think would be insufficient but for an agreement entered into by

counsel in these words: "It is agreed that the foregoing abstract fully and fairly presents all the questions arising in this action, and that the cause shall be heard thereon." It is not for us to affirm for insufficient record when parties have agreed that we have before us all that is necessary for the determination of the case.

REVERSED.