## LUNDBECK v. PILMAIR.

**Pleading:** DEMURRER: COSTS TO SUCCESSFUL PARTY. Under a rule that a fee should be taxed in favor of the successful party upon the disposition of a demurrer, *held* that such fee should have been taxed against defendant upon the overruling of his second demurrer, which he entitled an "amended demurrer" but which could not be so regarded, because it presented wholly new matter. Although a demurrer following a demurrer is forbidden by the Code (section 2639), defendant could not, having had the benefit of his unlawful demurrer, escape the penalty on the ground that it was illegally filed and should have been assailed by motion.

*Appeal from Dubuque District Court.*—HON. JOHN J. NEY, Judge.

FILED, OCTOBER 12, 1889.

THE plaintiff filed a motion for the retaxation of costs, which was overruled. From this decision he appeals.

*S. P. Adams*, for appellant.

*Fouke & Lyon* and *McCeney & O'Donnell*, for appellee.

BECK, J.—I. The defendant demurred to plaintiff's petition, and his objections to the petition were sustained. On an appeal to this court the decision of the district court was reversed. When the cause was

remanded, defendant filed what he called an "amended demurrer," which presented different grounds than those of the first demurrer. It was overruled, and thereupon judgment was entered, but the clerk refused to tax costs of the demurrer under a rule of the court providing therefor. Thereupon plaintiff filed his motion to retax costs, which was overruled. The amount in controversy being less than one hundred dollars, the question for the decision of this court is presented by the following certificate given by the judge of the district court. "It is hereby certified that the motion thus overruled involves the question whether, when a demurrer to a petition was overruled, December 5, 1885, and without leave of the court another demurrer, entitled 'amended demurrer,' stating different causes of demurrer, was filed on the fifth day of March, 1887, and overruled March 31, 1887, the successful party is entitled to a demurrer fee, under a rule of court then in force providing that 'upon the disposition of any demurrer a fee of ten dollars shall be allowed and taxed in favor of the successful party,'—upon which it is desirable to have the opinion of the supreme court."

II. The authority and duty of the court to tax costs for an unsuccessful demurrer is not questioned in this case, but defendant's counsel think that the demurrer was an amendment to the first demurrer, and should be regarded as a part of it, and costs could not be taxed upon it separately. But the demurrer is in fact as well as in form a new pleading. It is based upon new grounds, and served to arrest the proceedings —"to stop" the action of the court—until it was decided. It must be regarded as an original demurrer.

III. But counsel correctly say such method of pleading (a demurrer following a demurrer) is forbidden by the statute. Code, section 2639. They claim that an amendment to a demurrer is proper; therefore the pleading in question must be regarded as an amendment. But it cannot be so regarded, for the reason that it presents wholly new matter,—different cause of demurrer,—as it "stopped" proceedings of the court for

twenty-six days. That it was illegally filed, and should have been assailed by a motion to strike, cannot be denied; but of this defendant cannot take advantage. He insisted that the question raised by the demurrer should by that pleading be brought before the court. He had the benefit of a delay of twenty-six days upon the demurrer. He will not be heard now to claim that because of its irregularity and violation of the law he shall escape penalty. The law will not so permit its rules to be abused, and the wrong·doer to hide behind the illegality of his acts.

The district court ought to have sustained the motion to tax costs.            REVERSED.