ROBERT J. SENEY, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO.

**Railroads:** INSTANT DEATH OF WIFE: ACTION BY HUSBAND. There is no provision of statute by which a husband can recover from a railway company for the instant killing of his wife.

*Appeal from Woodbury District Court.*— HON. WILLIAM HUTCHINSON, Judge.

FRIDAY, OCTOBER 21, 1904.

ACTION to recover damages for the instant death of plaintiff's wife, due to physical injuries resulting from defendant's negligence. A demurrer to plaintiff's petition having been sustained, plaintiff elected to stand on his pleading, and judgment was rendered for defendant, from which plaintiff appeals.— *Affirmed.*

*Henderson & Fribourg,* for appellant.

*H. H. Field* and *Shull & Farnsworth,* for appellee.

McCLAIN, J.— In the case of *Major v. Burlington, C. R. & N. Ry. Co.,* 115 Iowa, 309, we have recently held that

the wife has no right of action against a railroad company for injuries inflicted on her husband through negligence of the employes of the company resulting in his instant death. Counsel for appellant seek to distinguish between that case and the present case on the ground that, at common law the wife had no right of action for injuries to her husband impairing his capacity for providing maintenance and support, while the husband did have a right of action for loss of services of the wife due to injury from the wrongful act of another; that is, that the husband is recognized by the common law as having a property right in the wife's services, while the wife has no corresponding property right in the support which she is entitled to receive from her husband. The distinction may be conceded, but plaintiff's right of recovery is not thereby established. By well-settled principles of the common law explained in the Major Case, *supra,* no person can recover damages from another for wilfully or negligently causing the instant death of a third person, no matter what may be the relation between the deceased person and the plaintiff. By statutory provisions certain exceptions have been made to this well-recognized common-law rule, such as that a parent may recover damages for the death of a minor child (Code, section 3471), and that the legal representative may maintain any action which might have been maintained by the deceased, if he had survived the injury (Code section 3445). But there is no statutory provision authorizing a recovery by a husband for injuries to the wife causing her instant death. The husband certainly has no better right of action for loss of services of the wife than the parent has for loss of services of a minor child; and yet we suppose it would not be contended that without some such statutory provision as that found in the Code, section 3471, a father could recover damages against a railroad company for injuries causing the instant death of his minor child. The reasoning in the Major Case is conclusive as against appellant's claim.

. What is said in the Major Case also disposes of the claim that by Code, section 2071, a railroad company is made liable for injuries to persons, not employes, for which defendant would not be liable in the absence of such statutory provision.

The judgment of the trial court is therefore *affirmed.*