MARTHA E. MELVIN, Appellant, v. G. W. LAWRENCE, Administrator, et al., Appellees.

**HUSBAND AND WIFE:** Property Rights—Death of Spouse—Effect.
1  Principle reaffirmed that the mutual property rights of a husband and wife may be determined after the death of one of the parties.

**DIVORCE:** Decree—Vacation for Nonresidence—Evidence. Record reviewed, in an action to vacate a decree of divorce on the ground of nonresidence of both of the parties, and held to show that the husband at least was, at the time of the divorce action, a resident of the county in which the decree was rendered.

Headnote 1:  19 C. J. p. 172.  Headnote 2:  19 C. J. p. 173.

Headnote 1:  9 R. C. L. 453.

*Appeal from Marshall District Court.*—J. W. WILLETT, Judge.

APRIL 5, 1927.

Action in equity for the vacation of a divorce decree. Appellee G. W. Lawrence is the administrator of the estate of M. E. Melvin, deceased, formerly the husband of appellant. A decree dismissing the petition was entered in the district court, and the plaintiff appeals.—*Affirmed.*

*Parrish, Samson & Huston,* for appellant.

*F. E. Northup, C. H. E. Boardman,* and *C. H. Van Law,* for appellees.

STEVENS, J.—This is the second appearance of this case in this court. The former appeal was disposed of on a question of pleading. *Melvin v. Melvin,* 198 Iowa 1283. By reason of the death of M. E. Melvin, the husband, only issues affecting property are involved. That issues of this character may be determined after the death of the husband, see *Dennis v. Harris,* 179 Iowa 121.

1: HUSBAND AND WIFE: property rights: death of spouse: effect.

The petition is based upon Subdivision 5, and perhaps Subdivision 2, Section 4091, Code of 1897 (Section 12787, Code of

1924). The claim of appellant is that both she and her husband were nonresidents of the state of Iowa, and were

2. DIVORCE: decree: vacation for nonresidence: evidence.

residents of California, at the time the divorce action was begun and the issues therein tried and adjudicated, and that she was prevented, by the advice of her attorneys, from defending in said action, on the ground that the court was without jurisdiction of either party. The evidence as to the advice given her by her attorneys is in direct conflict, as is also the evidence as to the residence of the parties. The attorneys who represented appellant in the divorce action are made defendants in this proceeding, and they all denied categorically that the question of appellant's residence at any time arose in the divorce action, or was the subject of discussion between them. On the other hand, appellant testified that her attorneys advised her that it made no difference whether they were residents of Iowa or not, and that she accepted this advice, relied thereon, and was prevented from setting up the defense of want of jurisdiction.

It appears that M. E. Melvin, the plaintiff in the divorce action, alleged in the petition that he was a resident of Marshall County, Iowa. The answer of the defendant, appellant herein, admitted this allegation of the petition. No question of jurisdiction was, therefore, raised in the divorce action. The decree in the divorce case is long, but, so far as material, it was as follows: Decree of divorce in favor of plaintiff, who was required to pay all court costs, expenses, attorney fees, debts, claims, and charges owed by him or against his property; that a receiver be appointed to take charge of the property, pay the debts and charges, and divide the net estate equally between the plaintiff and the defendant; that, to effectuate this provision of the decree, both the plaintiff and the defendant were required to convey their interest in the property to the receiver in trust. Neither party complied with the latter provision of the decree. Attorney fees were allowed the attorneys on both sides in the sum of $10,000, which were made a charge upon the property of the plaintiff.

The defendant, appellant herein, appealed from the findings of the court and decree in the divorce action, but the appeal was dismissed because of her failure to file an abstract. It is conceded by all parties that appellant and her husband were resi-

dents of Marshall County for more than 30 years, prior to 1919; that, in November of that year, they went to California, where a residence was purchased by the husband; that a portion of their household goods was shipped to that state; that their former residence, No. 5 Grant Street, in the city of Marshalltown, was rented, and a portion of their household goods stored in the attic; that, on December 31, 1921, appellant returned to Marshalltown, where she remained until the latter part of 1922, when she went to California; that M. E. Melvin returned to Marshalltown in March, 1921, where he remained until 1923. Many witnesses testified that the husband frequently said that he had moved to California to make his home; that he was in ill health,—which is conceded; that the climate was well suited to his condition; and that he did not intend to return to Iowa. Whether or not he exercised the right of franchise in California is not disclosed. He may have asserted his residence there in making his tax return to the assessor. It also appears that he voted in the city of Marshalltown on June 17, 1922, at an election to determine whether certain bonds should be issued by the municipality for the rehabilitation of the waterworks. The decree in the divorce action was entered July 13, 1922.

Many acts of appellant's shown in the record are wholly inconsistent with the claim now made by her that she was a resident of California, and not of Marshall County, when the divorce action was determined. On May 26, 1921, she caused a notice to be served upon the tenant residing in her former homestead, in which she stated that it had never been abandoned by her as such, and that she intended to occupy it as a homestead from and after September 1, 1921. On April 29, 1921, she made three affidavits affecting title to real property, all of which were filed of record, in which she said:

"I, Martha E. Melvin, being first duly sworn on oath, state that I am a resident of Marshalltown, Iowa; that M. E. Melvin is my husband."

On November 22, 1921, she filed an application in the divorce action, averring that the property of the husband was worth from $125,000 to $175,000; that her husband had ejected her from the homestead; and that she was without means,—and asked an allowance for support, suit money, and attorney fees. A similar application was filed in this court during the pendency

of the appeal. When she was cross-examined as to her residence, appellant's answers to the questions were evasive, and she declared that she did not then know whether she was a resident of Iowa or of California. The explanation of her answers was that the question was one of law, and that she was unable to determine it.

M. E. Melvin testified in the divorce action that he was a resident of Marshalltown; and appellees contend that the provision in the decree for attorney fees, for the appointment of a receiver, and for alimony were entered in open court, in the presence of the parties, and with full knowledge thereof on their part. It is the law of this state that, if either party to the divorce action was a resident of this state, the court has jurisdiction, and the decree will be valid. Section 10468, Code of 1924; *Comes v. Comes,* 190 Iowa 547.

The ultimate question for decision is manifestly one of fact. If appellant or her husband was a resident of Marshall County at the time the decree was entered, its validity must be conceded. It is argued that the exercise of the right of franchise in Marshall County by M. E. Melvin at the special election held in that city in 1921 is not conclusive. Whether conclusive or not, when it is considered in connection with all the other facts and circumstances, we are satisfied that his legal residence was in Marshall County. There is no claim made in this action that he, too, was misled and deceived as to his place of residence. The petition for divorce, which, according to the argument of counsel, was verified by him, stated that he was a resident of Marshall County. Appellant seeks to avoid the effect of the several affidavits made by her, and also of the admission in the answer filed in the divorce action, by claiming that she was misled by her counsel.

Residence is largely a matter of intention, and may be very difficult to prove. That M. E. Melvin frequently said that he did not intend to again live in Iowa, and that he was going to make his home in California, are not necessarily inconsistent with the allegations of his petition in the divorce action, nor with any other act on his part. The testimony of appellant is necessarily somewhat discredited by her own affidavits. The attorneys employed by her are reputable members of the bar, and their testimony, which is wholly consistent with the procedure in the

divorce action and all other matters affecting the litigation, except as it is disputed by appellant and other members of her family, is persuasive and convincing.

We need not consider appellees' plea of estoppel, as we find, on the merits, that M. E. Melvin was a resident of Marshall County at the time the divorce petition was filed, and that appellant is in no position now to challenge the jurisdiction of the court to render the decree. This conclusion renders discussion of other propositions urged by counsel unnecessary, and we refrain from further consideration thereof.

The judgment and decree of the court below is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.