ROBERT L. LEACH, State Superintendent of Banking, Appellee,
v. UNITED STATE BANK et al., Appellees; GLOBE INDEMNITY
COMPANY et al., Interveners, Appellants.

APRIL 7, 1927.

PETITION FOR REHEARING DISMISSED BY PETITIONER
APRIL 3, 1928.

*Stipp, Perry, Bannister & Starzinger,* for Globe Indemnity

Company, New Amsterdam Casualty Company, and Fidelity & Deposit Company of Maryland, appellants.

*Parrish, Cohen, Guthrie, Watters & Halloran,* for Southern Surety Company and Detroit Fidelity & Surety Company, appellants.

*Bradshaw, Schenk & Fowler,* for Royal Indemnity Company, appellant.

*Miller, Kelly, Shuttleworth & McManus,* for United States Fidelity & Guaranty Company, appellant.

*Comfort & Comfort,* for Massachusetts Bonding & Insurance Company, appellant.

*Ben J. Gibson,* Attorney-general, and *Maxwell A. O'Brien,* Assistant Attorney-general, for Robert L. Leach, Receiver, appellee.

*George Cosson,* for State of Iowa and W. J. Burbank, Treasurer of State.

*Henry & Henry,* for Polk County and E. R. Bennett, County Treasurer.

DE GRAFF, J.—The original action in the causes consolidated on this appeal was an action for the appointment of a receiver, commenced by the superintendent of banking of the state of Iowa against the United State Bank of Des Moines, Iowa. A receiver was appointed November 24, 1924, and among the claims filed asking a preference were those of the state of Iowa and of Polk County, Iowa.

The appellant-interveners are corporate sureties on the depositary bonds covering the funds of these two public bodies. The facts and issues are as follows: The United State Bank was a banking corporation duly organized under the laws of the state of Iowa, and was engaged in the general banking business in the city of Des Moines for more than five years prior to October 22, 1924, when its doors were closed as an insolvent institution. On December 22, 1924, the state of Iowa and W. J. Burbank, treasurer of said state, filed with the receiver their claim showing that, on October 22, 1924, there were state funds on deposit in said bank in the sum of $248,071, and asked for the

establishment of said claim, with interest, as a preferred claim against the assets of the bank in the hands of the receiver.

On December 24, 1924, E. R. Bennett, treasurer of Polk County, Iowa, and said county filed their claim with the receiver, showing that, on October 22, 1924, there were county funds on deposit in the said bank in the sum of $95,724.93, and asked that the same be established, with interest, as a preferred claim against the assets of the bank in the hands of the receiver.

On the first Monday in January, 1923, W. J. Burbank assumed the office of treasurer of the state of Iowa, and shortly thereafter, with the advice and approval of the executive council of the state of Iowa, designated the said United State Bank as a depositary for state funds, in conformity to Section 112, Code of 1897. In pursuance of the designation of the said United State Bank as a depositary of state funds, and in accordance with said statute, certain corporate bonds were furnished by the said United State Bank to the state treasurer.

On the first Monday in January, 1923, E. R. Bennett qualified as treasurer of Polk County, Iowa. The United State Bank was designated as one of the depository banks in which the county treasurer might deposit the funds coming into his hands as treasurer, in accordance with Section 1457, Code Supplement, 1913, as amended.

At the time the United State Bank was closed, the deposits of the state treasurer in said bank were secured by six statutory corporate bonds, to wit: Globe Indemnity Company, $20,000; New Amsterdam Casualty Company, $35,000; Fidelity & Deposit Company of Maryland, $25,000; Southern Surety Company, $20,000; Detroit Fidelity & Surety Company, $15,000; Federal Surety Company of Davenport, $10,000. These bonds are classifiable into two classes: (1) Those executed prior to May 3, 1923, on which date Chapter 189 of the Acts of the Fortieth General Assembly became effective, and (2) those executed after May 3, 1923. The bonds in question executed prior to that date are those, respectively, of the Southern Surety Company, the Detroit Fidelity & Surety Company, and the Fidelity & Deposit Company, as sureties, with the United State Bank, as principal. The bonds executed subsequently to that date are those respectively of the Federal Surety Company of Davenport, the New Amsterdam Casualty Company, and the

Globe Indemnity Company. The Federal Surety Company dismissed its appeal September 11, 1926, and the New Amsterdam and the Globe Indemnity Company, appellant-interveners, have not prosecuted their appeals or filed arguments.

The deposits of the county treasurer of Polk County in the United State Bank at the time it closed were secured by six bonds, to wit: New Amsterdam Casualty Company, $5,000; Fidelity & Deposit Company of Maryland, $25,000; Detroit Fidelity & Surety Company, $25,000; Royal Indemnity Company, $5,000; United States Fidelity & Guaranty Company, $27,500; Massachusetts Bonding & Insurance Company, $12,500. These bonds, like those securing the state deposits, are also classifiable into two classes: (1) Those executed prior to May 3, 1923, to wit, Fidelity & Deposit Company and the Detroit Fidelity & Surety Company, as sureties, and the United State Bank, as principal; and (2) those executed subsequently to May 3, 1923, to wit, New Amsterdam Casualty Company, Royal Indemnity Company, the United States Fidelity & Guaranty Company, and the Massachusetts Bonding & Insurance Company.

No argument has been filed on this appeal by the appellant-interveners on the county bonds, except the United States Fidelity & Guaranty Company, and we must assume that the other corporate sureties on said bonds, respectively, have waived their appeal.

We now turn for a moment to the issues as defined by the pleadings, and to the judgment and decree of the trial court from which these appeals are taken. As heretofore stated, subsequent to the appointment of the plaintiff-receiver, claims were filed on behalf of the treasurer of state and the county treasurer of Polk County to have established, as preferred, the amount of deposits, respectively, of these claimants against the assets of the bank in the hands of the receiver. The corporate surety companies thereupon filed petitions of intervention based on their respective interests, as sureties, respectively, on the said several bonds, praying that the claims of the said state of Iowa and W. J. Burbank, treasurer, and Polk County, Iowa, and E. R. Bennett, county treasurer, be allowed as preferred against the receiver, and the assets of the bank in his hands be ordered paid prior to the payment of the general creditors and depositors other than debts due, taxes collected, or deposits made for the

benefit of the state or municipal subdivisions thereof. To said claims and petitions of intervention the plaintiff-receiver, by way of answer and cross-petition, including amendments thereto, made general denial, and specially pleaded that by Chapter 189 of the Acts of the Fortieth General Assembly of Iowa the legislature of Iowa had provided a banking code for the state of Iowa, complete in all details, including the method of liquidation and dissolution of state and savings banks organized under the laws of Iowa; that under the provisions of said chapter all preferences are abolished, save and alone a preference in favor of the depositors of such bank; that the legislature of Iowa thus rendered inapplicable to the instant receivership the terms and provisions of Section 3825-a of the Supplement to the Code, 1913; and that, as a result of this legislation, the interveners are not entitled to a preference in the assets in the hands of said superintendent of banking as a liquidating officer of the United State Bank. Other matters are pleaded by the plaintiff which we deem unnecessary to set out in this statement.

The interveners, by appropriate pleadings and amendments thereto to said answers and cross-petitions, made a general denial, except as to certain formal matters, and specifically alleged that, if Chapter 189 of the Acts of the Fortieth General Assembly of Iowa has the effect of depriving W. J. Burbank, state treasurer, or the state of Iowa, and E. R. Bennett, county treasurer, of Polk County, Iowa, of a preference in the payment of their respective claims over general creditors and depositors other than deposits of public funds, or if the legislature of the state of Iowa has, since the execution of said bonds, passed any other legislation having such an effect, then said act or acts of the general assembly are void, as against the rights of said Burbank, state treasurer, the state of Iowa, and Bennett, county treasurer, the county of Polk, or the successors of said officers in office, or of the appellant-interveners' respective rights and obligations as sureties on said bonds, in that said act or acts is or are in contravention of Section 21, Article 1, of the Constitution of the state of Iowa, in that it is an attempt to impair the obligations of contracts, and of Section 9, Article 1, of the Constitution of the state of Iowa, in that it is an attempt to deprive the said W. J. Burbank, state treasurer, the state of Iowa, E. R. Bennett, county treasurer of Polk County, Iowa, and the inter-

992

veners and the appellant-interveners, of property without due process of law, and is also in contravention of Article 14 of the Amendments to the Constitution of the United States, in that it is an attempt to deprive them of property without due process of law, and in contravention of Section 10, Article 1, of the Constitution of the United States, in that it is an attempt to impair the obligations of contracts. Cross-petitions were also filed by Burbank, state treasurer, and Bennett, county treasurer, against the appellant-interveners on their respective bonds; and by answer, duly filed by appellant-interveners, they denied all allegations of said cross-petitions, so far as the same were inconsistent with the allegations of interveners' petitions of intervention, and further alleged that their respective liabilities on said bonds were for the amounts due from the United State Bank to cross-petitioners after said petitioners have exhausted their remedies against the bank and their receiver, and that, if interveners are required to pay any amount under said bonds, they should be subrogated to the rights of the cross-petitioners against the bank and the receiver, and that the court order the receiver to pay interveners an amount equal to any such sum as they may be required to pay cross-petitioners out of the funds and assets of the bank prior to the payment of general creditors and depositors, other than deposits of amounts representing debts due or taxes assessed and levied for the benefit of the state and its municipal subdivisions.

The trial court decreed that the claim of the state of Iowa and W. J. Burbank, treasurer, and the claim of Polk County and Bennett, county treasurer, in the sum as prayed against the receiver should be allowed and ordered; that the same should be paid ratably from the assets of the bank with the claims of other depositors in said bank, and denied the preferential claim of the state of Iowa, Burbank, state treasurer, County of Polk, Bennett, county treasurer, and the appellant-interveners. The trial court also entered judgment against the interveners in favor of the state of Iowa, Burbank, state treasurer, county of Polk, and Bennett, county treasurer, in the amount of the respective bonds executed by said interveners, and subrogated the surety companies to the rights of such treasurers, as depositors.

The propositions relied upon by the appellant-interveners for a reversal of the judgment and decree entered may be sum-

marized and stated in interrogative form as follows: First, are sureties on the depositary bonds given to secure the payment of public funds deposited in state banks in conformity to law entitled to be subrogated to any preferential or prerogative right of the state or county, either as to bonds executed prior to May 3, 1923,—when, by statute, the preference ceased to exist,—or as to bonds executed subsequently to May 3, 1923? Second, was the preferential or prerogative right a vested right, within the limitation of the Constitution of the United States, so that it could not be impaired by the state legislature? Third, was Chapter 189, Acts of the Fortieth General Assembly, constitutionally enacted?

In view of the fact that these questions have been answered by the decision of this court in *Leach v. Commercial Sav. Bank*, 205 Iowa 1154, it is unnecessary to extend this opinion by a further discussion of the legal propositions presented. In the *Commercial Sav. Bank* case, supra, a county's right to a pre-  ferred claim against an insolvent bank was not involved. This, however, is not a material consideration in the applicability of the legal principles therein announced. A county is a subdivision of the state, and owes its creation to the state. It is an arm of the state, and subject to the control and direction of the state, and in the instant matter the county's rights must be and are wholly worked out on the theory that it is a part of the state. . See *Kuhl v. Farmers Bank of Bouton*, 203 Iowa 71.

One further observation may be made in relation to the claim of the appellant-intervener, United States Fidelity & Guaranty Company, with respect to the action against it and the  United State Bank by Bennett, county treasurer of Polk County. It is contended that the court erred in not holding that the bond of the appellant United States Fidelity & Guaranty Company is an indemnity or loss bond, upon which no recovery can be had by Bennett until he had sustained an actual loss by reason of the deposit of funds with the United State Bank. It is sufficient to state that the bond is, in form, a statutory bond, and the condition thereof is that, if a payment is promptly made to E. R. Bennett, treasurer, of all moneys deposited with the said principal by said Bennett, the obligation is void. Upon failure to pay on demand

promptly, it must be said that the contract was breached by the principal. The funds deposited by Bennett belonged to Polk County, and were public moneys, and it cannot be said that, before Bennett suffered loss or damage by payment of this money to Polk County, the action to recover on the bond was premature, or that the action against the surety company did not exist.

So far as the facts on this particular appeal are concerned, it may be said that, for the purpose of inducing the creation of relationship of depositary bank and depositor between county treasurer and the United State Bank, the latter tendered to the board of supervisors of Polk County, as one of the bonds, the bond in question, dated December 1, 1923, and approved by the board January 4, 1924. The specific complaint of appellant is that there was no formal resolution by the board, designating the said bank as a depository; but the board by resolution approved, impliedly at least, said bank as a depository, and the appellant surety company was fully advised that the bond it was tendering was for the protection of Bennett and Polk County in depositing county funds in the United State Bank. Under these circumstances, the surety is not in a position to question the validity of the bond or its statutory character.

The receiver has filed separate motions to dismiss the appeals of appellant-interveners. The ruling on the merits is a sufficient reason to overrule the motions, and they are overruled, at plaintiff's costs.

The decree entered by the trial court is—*Affirmed.*

All the justices concur.