L. A. ANDREW, State Superintendent of Banking, Appellee, v. UNITED STATE BANK, Appellee; AMERICAN SURETY COMPANY OF NEW YORK et al., Interveners, Appellants.

APRIL 7, 1927.

PETITION FOR REHEARING DISMISSED BY PETITIONER
APRIL 3, 1928.

**884**

*Carr, Cox, Evans & Riley*, for American Surety Company of New York, appellant.

*Ben J. Gibson*, Attorney-general, and *Maxwell O'Brien*, Assistant Attorney-general, for appellees.

DE GRAFF, J.—The facts disclose that, for several years prior to October 22, 1924, the United State Bank was engaged as an Iowa banking corporation in the transaction of a general banking business in Des Moines, Iowa. On said date, its doors were closed, and shortly thereafter, the superintendent of banking of the state of Iowa .was appointed receiver. On the 1st day of July, 1922, the bank, as principal, and the American Surety Company, as surety, executed a depository bond to the treasurer of the Independent School District of Des Moines and the school district, as obligees, for the sum of $25,000. On the 5th day of July, 1922, there was similarly executed and delivered by the same parties to the same obligees, the bond of this appellant in the sum of $2,500. Other depository bonds were subsequently executed by other sureties, to wit: United States Fidelity & Guaranty Company, $25,500; the Fidelity & Casualty Company of New York, $7,500; and the Royal Indemnity Company, $20,000,—all of which were executed during the year 1924, or subsequent to July 1, 1923.

On November 24, 1924, upon petition filed by Robert L. Leach, superintendent of banking, he was appointed receiver, and was subsequently superseded by L. A. Andrew, his successor in office. On January 3, 1925, the Independent School District of Des Moines and its treasurer filed claim with the receiver for $74,339.54, with interest, and asked that the same be preferred over the claims of general depositors, because it was the proceeds of taxes and revenues belonging to the school district. The sureties on the various depository bonds then intervened, and joined in the request for the establishment of this claim as preferred, and asked not only that the claim be allowed as a preferred claim in favor of the school district and treasurer, but also that, as sureties on the several depository bonds, they should be subrogated to such preferred claim. The treasurer filed a cross-petition, asking for judgment against the sureties on the depository bonds given to secure the deposit of the treasurer.

The receiver then filed answer, denying the claimed right to preference, and further alleged, *inter alia,* that the appellant was estopped because it took no affirmative action to be relieved from its bond after the enactment of Chapter 189 of the Acts of the Fortieth General Assembly, effective May 3, 1923, which chapter operated to deny a preference, except only as among depositors; and that, under the provisions of this act, the school district was not entitled to any preferential or prerogative right.

The surety company responded to the pleadings of the receiver, and by reply reasserted the preferential right of the treasurer, and also alleged that, if Chapter 189 of the Acts of the Fortieth General Assembly repealed the prerogative right of the state and its minor political subdivisions, it was, as to the bond in question, inapplicable, and if applicable, was violative of the provisions of Section 21, Article I, and Section 9, Article I, of the Constitution of Iowa, and Section 10, Article I, and the Fourteenth Amendment, of the Constitution of the United States. In brief, the surety company alleged and contended that, its bond having been executed and accepted prior to May 3, 1923, it had a vested right, under the doctrine of subrogation, to a preferential or prerogative right of the state existing prior to the date that Chapter 189 of the Acts of the Fortieth General Assembly became effective.

Upon the trial of this cause, the court entered judgment

and decree against the several surety companies on the bonds running to the school district in the aggregate of $55,774.02, which was the amount of the deposit of the treasurer, with interest (less dividends previously declared), and allowed the claim in that amount against the receiver of the United State Bank, as the claim of a depositor. The decree also subrogated the surety companies, upon payment (which was afterwards made), to the right of the treasurer as a depositor, but denied subrogation to the claimed preferential or prerogative right. No appeal was taken by the State from said judgment and decree, and no appearance has been entered in this court by the Independent School District of Des Moines or the school treasurer. The American Surety Company is the only appellant that presents brief and argument on this appeal.

Prior to May 3, 1923, the statutory law of this state, so far as it applied to the liquidation of the assets of any insolvent corporation in the hands of a receiver, is found in Section 1877, Code of 1897, and Section 3825-a, Code Supplement, 1913. The construction and interpretation of these statutory provisions are found in the opinion of this court in the case entitled *In re Receivership of Marathon Sav. Bank,* 198 Iowa 692. On May 3, 1923, there became effective, by publication, Chapter 189 of the Acts of the Fortieth General Assembly. Subsequently to the enactment of Chapter 189, this court had occasion to construe the provisions of said chapter, and held that the state and its political subdivisions were not entitled to a preference. *Leach v. Exchange State Bank of Stuart,* 200 Iowa 185.

The surety bond in question is a statutory bond, and was executed in conformity to the provisions of Section 2768, Code Supplement, 1913. The bond was expressly renewed, subsequently to its original execution, and each year after 1922 renewal premiums were paid. The school treasurer entered upon his second term of office on July 1, 1924, and there was an express renewal of the old bond, thereby creating a new contract.

We deem it unnecessary to outline further either the pleadings or the facts, for the reason that the legal propositions presented for determination on this appeal have found answer in the opinion of this court entitled *Leach v. Commercial Sav. Bank,* 205 Iowa 1154. It is sufficient to state the primary and con-

trolling propositions relied upon by the plaintiff herein for an affirmance of the judgment, which propositions are in answer to the points made by the appellant-intervener for a reversal. They are: First, the surety company is not subrogated to the preferential or prerogative right of the school district, as an arm of the state, for the reason that such right is a right arising either under the common law or by statute, and is not a right arising out of contract, and does not attach to or form a part of any contract. Second, the surety company is not subrogated to the prerogative right of preference for the reason that, at the time of the filing of the claim, and at the time of the closing of the bank, there was no such right known to the laws of Iowa. Third, the prerogative right of preference of the school district, whether it existed by virtue of the common law or by statute, was not a vested right, but was a contingent right, or mere expectancy, and the subject of legislative control; and such right was not in existence when the bank closed and the appointment of a receiver was made, which was long after the enactment of Chapter 189, Acts of the Fortieth General Assembly. Fourth, the prerogative right of preference in favor of the school district terminated on May 3, 1923; and the state, for the school district, at said time, waived the preferential right, prior to its becoming entitled to assert said right, and prior to the attaching of the claimed right of the appellant-intervener to be subrogated to said preferential right. Fifth, the appellant-intervener is not entitled to the claimed preference for the reason that, long after the enactment of Chapter 189 of the Acts of the Fortieth General Assembly, it (surety company) expressly, by contract, renewed the bond in question, thus waiving any right which it might otherwise have had to complain. Sixth, Chapter 189, Acts of the Fortieth General Assembly, was constitutionally enacted; and is not defective, or violative of the provisions of the Constitution of Iowa as including more than one subject in the title to said act, or in that the subjects embraced in the act are not expressed in the title, as defined by Section 29, Article III, of the Constitution of Iowa.

The questions raised are similar to those considered in *Leach v. Commercial Sav. Bank*, 205 Iowa 1154, and may be disposed of by the application to the present facts of the principles

888

there considered and announced. The decree entered by the trial court is—*Affirmed.*

All the justices concur.