AMERICAN SURETY COMPANY OF NEW YORK, Appellant, v. ROBERT L. LEACH, State Superintendent of Banking, et al., Appellees.

JUNE 26, 1928.

PETITION FOR REHEARING DISMISSED NOVEMBER 27, 1928.

*Stewart & Hatfield,* for appellant.

*Prichard & Prichard* and *Oliver P. Bennett,* for appellees.

ALBERT, J.—The Castana Savings Bank was a banking corporation under the laws of the state of Iowa. In proper pro-

1356

ceedings, on the 10th day of March, 1922, this bank, having been designated as the depository of county funds, put up a bond in the sum of $7,500, to secure county deposits. This bond expired on March 1, 1923, and was duly renewed, and, under the terms of the renewal, expired on March 1, 1924, the American Surety Company being surety on this bond.

The Castana Savings Bank went into the hands of a receiver on March 5, 1924. Monona County intervened in said receivership, and filed its claim for the county money on deposit at the time the bank closed, in the sum of $9,158.83. Monona County made the American Surety Company a party defendant, and asked that its claim be allowed as a preferred claim, and that it have judgment against the American Surety Company in the sum of $7,500, by reason of said bond. Later, the county amended its petition, setting up various matters which are not necessary to a determination of the question before us, to which the defendant American Surety Company filed an answer, admitting, among other things, the execution of the bond and the extension thereof; the amount of county money on deposit with the bank on the day it closed; its suretyship on the bond; and that said bank was insolvent on the 1st and 5th of March, and for a long time prior thereto,—to wit, three months. It also admitted that it was duly notified by the county of the closing of this bank and the loss by the county, in accordance with the terms and provisions of the bond, and pleaded:

(1) That the bond had expired on March 1, 1924, before the bank was closed, and that the county had ample time in which to remove its funds from the bank.

(2) That, when the legislature of the state of Iowa enacted Chapter 189 of the Laws of the Fortieth General Assembly, it changed the provisions of Section 1877 of the Code of 1897 and Section 3825-a of the Supplement to the Code, 1913, so that the bond and contract in question, executed under the old law, were impaired, and therefore said change of laws amounted to an impairment of the obligation of the contract and a denial of due process of law, all in violation of Section 21 of Article I of the Constitution of the state of Iowa, and in violation of the Fourteenth Amendment to the Constitution of the United States and Section 10 of Article I of the Constitution of the United States.

. - (3) That said change in the legislation removed the right of subrogation existing at the time the bond was written, and therefore amounted to an impairment of the obligation of the contract and the denial of due process of law. .

(4) That the rights of a surety are to be determined according to the law in force at the time he assumes such relation, and not at the time of the default of the principal.

(5) That said change of legislation released the priority and preference of payment, and amounted, therefore, to the release of security held by the county for said deposit; and, the security being released, the surety on the bond was accordingly released.

(6) That said change of legislation increased the hazard of the appellant, and therefore there was failure of consideration.

(7) That there was no contract between the county and the appellant on which the county can recover.

To this answer by the defendant, plaintiff filed an alleged demurrer.

This case has been quite elaborately argued, and most of the questions discussed have been settled by this court in the cases of *Leach v. Commercial Sav. Bank,* 205 Iowa 1154; *Leach v. United State Bank,* 205 Iowa 987; *Andrew v. United State Bank,* 205 Iowa 883; *Leach v. Commercial Sav. Bank,* 205 Iowa 975.

The alleged demurrer needs some attention. No grounds whatever are stated in said demurrer that are recognized under the law. It is not alleged that the matters therein set out do not state a good defense, nor is it pointed out where, in the mind of the demurrant, the defect or insufficiency of the pleading lies. A demurrer, to be available, must point out wherein the pleading attacked is defective or insufficient, and nothing of that kind appears in this alleged demurrer. In various divisions thereof, it recites the conclusion of the demurrant as to the contents of the pleading attacked, but nowhere designates the weakness or ineffectiveness of said pleading. It does not say that said pleading is not sufficient to constitute a defense, nor does it point out any defects or any insufficiency in the pleading attacked. The seventh division thereof is wholly a speaking demurrer, which is not recognized under our practice. But be this as it may, a demurrer in an equity case is not now recognized in our practice. By the enactment of Section 11130, Code of 1924, a demurrer, as

such, was abrogated, and whatever might be a ground of demurrer in an action triable at law must be made by motion to dismiss, or in the answer or reply. The county not having filed any motion to dismiss in this proceeding, and the demurrer being an unrecognized instrument or pleading under our practice at the present time, the court had nothing before it to consider, and did, therefore, err in entering judgment in favor of Monona County.—*Reversed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.

KINDIG, J., takes no part.