LENA M. GOLDSBERRY, Plaintiff, v. FRANK P. GOLDSBERRY, Defendant.

EDITH B. CONRAD, Executrix, Appellant, v. LENA M. GOLDSBERRY, Appellee.

No. 42212.

FEBRUARY 6, 1934.

Wisdom & Kirketeg, for appellant.

Lewis & Lewis, for appellee.

·KINDIG, J.—Lena M. Goldsberry and Frank P. Goldsberry were married at Bedford, Iowa, on July 28, 1926. In a suit brought by the appellee, Lena M. Goldsberry, on June 29, 1931, a divorce was granted her from her husband, Frank P. Goldsberry. As a part of the same decree, the appellee, Lena M. Goldsberry, was granted alimony from Frank P. Goldsberry. The decree for the alimony was based upon a written stipulation executed by the husband and wife. It was decreed that Frank P. Goldsberry pay and deliver to the appellee, Lena M. Goldsberry:

First. $5,100 payable as follows: $2,000 in cash and the remaining $3,100 to be paid in this manner:

(a) There was to be credited thereon $400 for a Plymouth automobile then and there delivered by Frank P. Goldsberry to the said Lena M. Goldsberry, and

(b) The remaining $2,700 of such alimony was to be and was evidenced by a promissory note signed by Frank P. Goldsberry and secured on certain real estate. This note was payable to Lena M. Goldsberry on or before January 1, 1932, with interest thereon at the rate of 5½ per cent per annum.

Second. The fruit on the farm for the current season, together with vegetables in the garden and melons then growing on the land. Likewise she was to have the chickens and certain furniture.

Frank P. Goldsberry died testate on November 17, 1931. Edith B. Conrad, the appellant, was appointed executrix under the will on December 12, 1931. Then on December 20, 1932, she filed an application in the present proceedings to modify the decree for alimony previously granted in the divorce action between Lena M. Goldsberry and Frank P. Goldsberry. In her application, the appellant-executrix, attacks the stipulation for alimony and the decree therefor itself. However, she does not ask the court to set aside the decree for alimony. On the other hand, the appellant-executrix, by

filing her application for modification, confirms the decree for alimany and upon that basis asks that it be modified. When thus confirming the decree for alimony, the appellant-executrix then asks for a modification of the decree on the theory that the property held by the estate has greatly depreciated in value and that the estate of Frank P. Goldsberry is unexpectedly required to pay an obligation of $529 on which the said Frank P. Goldsberry was surety for some third person. Lena M. Goldsberry is in no way responsible for, and will receive no benefit from, the payment of this obligation. It is said too that the parties, in drawing the stipulation for the alimony, greatly overvalued the property of Frank P. Goldsberry.

A great many pleadings were filed in the modification proceedings. An answer, a resistance, a motion, and a demurrer were filed without regard to the effect of filing new pleadings without a ruling on those formerly filed. At no time, however, was objection made by either party to this method of filing pleadings. Finally, on June 6, 1933, the parties presented to the district court the demurrer of the appellee, Lena M. Goldsberry, which attacked the application of the appellant-executrix, for modification of the aforesaid alimony decree.

Generally speaking, the demurrer was based upon the thought that the application for the modification did not show the necessary facts required by the statute authorizing the modification of a decree for alimony. The demurrer was sustained by the district court. Thereupon the appellant-executrix elected to stand on the demurrer, and suffered judgment to be entered against her.

Many questions are argued before the main point of the controversy is reached. We will now discuss, in the following order, the preliminary questions as well as the fundamental point involved. Throughout our discussion hereafter, the executrix will be referred to as the appellant, and Lena M. Goldsberry will be called the appellee.

I. It is said by the appellant that this is a proceeding in equity, and therefore her application for a modification of the alimony cannot be attacked by demurrer. A demurrer, the appellant argues, may be employed in law actions only (see section 11141 of the 1931 Code); while in equity proceedings the legal sufficiency of the pleading must be tested, not by demurrer, but by a motion to dismiss. Section 11130 of the 1931 Code provides:

"In actions triable in equity, every defense in point of law arising upon the face of the petition, cross-petition, petition of intervention, answer, counterclaim, or reply, as the case may be, for misjoinder of parties, or which in an action triable at law may be made by demurrer, shall be made by motion to dismiss or in·the answer or reply."

Consequently, the proper proceeding is not to file a demurrer in an equity suit, but rather, under the statute, there should be filed therein a motion to dismiss. American Surety Co. v. Leach, 206 Iowa 1355, 220 N. W. 34.

Had the appellant, in the case at bar, objected to the filing of the demurrer by the appellee, such objection would have been good. But the appellant did not thus object. Instead of objecting, the appellant acquiesced in the demurrer by arguing the same and calling upon the district court to determine the sufficiency of the application to modify the alimony decree as measured by the demurrer. Responding to the invitation of the appellant, the district court treated the demurrer as a motion to dismiss, and ruled accordingly. Not only that, but the appellant elected to stand upon the demurrer and suffer judgment to be entered against her. Thereby the appellant waived her statutory right to insist that a demurrer, in lieu of a motion to dismiss, cannot be filed against her application to modify the decree for alimony. Heitzman v. Hannah, 206 Iowa 775, loc. cit. 779, 221 N. W. 470; McPherson v. Commercial Building & Securities Co. et al., 206 Iowa 562, loc. cit. 566. 218 N. W. 306; Overland Sioux City Co. v. R. J. Clemens, 189 Iowa 1293, loc. cit. 1296, 1297, 179 N. W. 954. The demurrer, so called, was sufficient in form to be a motion to dismiss. So, in view of the fact that the appellant made no attack thereon, but by her conduct induced the district court to treat the demurrer as a motion to dismiss, she cannot now complain of the action of the district court in treating the demurrer as a motion to dismiss. Had the district court refused to treat the demurrer as a motion to dismiss, it would not have abused its discretion; but, as before explained, the district court in its discretion considered the demurrer as a motion to dismiss. Under these circumstances it cannot now be said that the district court abused its discretion.

II. Furthermore, it is argued by the appellant that the district court wrongfully sustained the demurrer because the ap-

pellee, after filing the demurrer, filed an answer to the appellant's application for modification of the alimony decree.

It is true, generally speaking, that by filing an answer after previously filing a demurrer, the pleader waives the demurrer. Section 11135 of the 1931 Code provides:

"All demurrers and motions assailing a pleading shall be in writing, *and filed before answer* or reply has been filed to the pleading assailed, except as provided in this chapter, and specify and number the causes on which they are founded, and none other shall be argued or considered. Only one motion of the same kind and one demurrer assailing such pleading shall be filed, unless such pleading is amended after the filing of a motion or demurrer thereto." (Italics supplied.)

Therefore, had the district court, in the case at bar, overruled or failed to consider the demurrer on the theory that it was waived by the filing of the subsequent answer, that tribunal would have acted within its discretion. Bliss v. Watson, 208 Iowa 1199, local citation 1202, 227 N. W. 108; Sloanaker v. Howerton, 182 Iowa 487, local citation 492, 166 N. W. 78.

Nevertheless, the appellant had a right to waive the statutory provision, and with the appellee adopt a theory of trial contrary thereto. Wilson v. McIntire, 73 Iowa 711, 36 N. W. 715. In that case, we said:

"The only point urged by counsel is that defendant by answering waived the demurrer, and it was not competent for the court, after the answer was filed, to pass upon the questions raised by the demurrer. * * * The court, in the exercise of the discretion with which it is clothed, might have permitted the withdrawal of the answer, and the filing of the demurrer. What was done was but the equivalent of that; and we do not see how any of plaintiff's rights could have been prejudiced by the practice adopted by the court."

To the same effect see Lundbeck v. Pilmair, 78 Iowa 434, 43 N. W. 271; Iowa Coal Washing Co. v. Consolidation Coal Co., 204 Iowa 202, local citation 205, 215 N. W. 229.

So, in the case at bar, the district court, in its discretion, allowed the appellee, in effect, to withdraw her answer and submit the demurrer. This was done with the acquiescence of the appel-

lant. Under the circumstances, the appellant cannot complain.

█ III. Our attention now will be directed to the merits of the controversy.

At the outset, it is contended by the appellee that the appellant did not state a cause of action in her application for a modification of the alimony decree. It is claimed by the appellant, as before indicated, that when the husband and wife entered into the written agreement for alimony, they overestimated the value of the husband's property. That fact, if it be true, cannot be considered in this proceeding. There is no attempt here to set aside the decree allowing the alimony, nor the stipulation upon which it was based. Wherefore, this proposition can be given no consideration by us.

Section 10481 of the 1931 Code contains the following provisions:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. *Subsequent changes* may be made by it in these respects when circumstances render them expedient." (Italics supplied.)

We said, in Newburn v. Newburn, 210 Iowa 639, reading on page 641, 231 N. W. 389, 390:

"It has always been held that the original decree is conclusive upon the parties as to the then circumstances of the parties, and the power to grant a modification in the decree is not a power to grant a new trial, or to retry the same issues, but only to adapt the decree to the changed conditions of the parties."

To the same effect see Neve v. Neve, 210 Iowa 120, local citation 122, 230 N. W. 339.

A new trial, therefore, cannot be granted the appellant in the case at bar, and the husband and wife are concluded by the decree of the district court, so far as the then existing circumstances are concerned. This being true, we cannot go back of the finding made by the district court concerning the husband's property at the time of the decree.

█ What has just been said was stated on the assumption that the appellant in the case at bar can bring an action for the modification of a decree for alimony entered against her testate during his lifetime. Whether, in any event, an action of this kind

survives the death of the husband, we 'do not now decide or suggest. See O'Hagan v. Executor of O'Hagan, 4 Iowa 509; Barney v. Barney, 14 Iowa 189, local citation 195. For a case distinguishing these cases, see Higgins v. Higgins, 204 Iowa 1312, local citation 1314, 216 N. W. 693. In certain instances where property rights are involved, matters relating to alimony may be litigated in the main divorce suit, or in a proceeding to set aside a judgment obtained therein after the death of one of the parties thereto. This is on the theory that the cause of action survives the death of one spouse and becomes fixed in his personal representative. Dennis v. Harris, Adm'x, 179 Iowa 121, 153 N. W. 343; Hill v. Victora, 180 Iowa 417, 161 N. W. 72; Melvin v. Lawrence, 203 Iowa 619, 213 N. W. 420; Higgins v. Higgins, supra.

Because of the disposition to be made of this case, we do not decide, as before said, whether the appellant, as executrix, has the legal or equitable right to commence this proceeding. Assuming, without deciding, that she has such right, nevertheless she has not made out a case. Section 10957 of the 1931 Code contains the following:

"All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same."

No appeal in the case at bar was taken from the decree granting the divorce and fixing the alimony. Hence, the alimony became finally established as of the date of that decree. When Frank P. Goldsberry died, therefore, the alimony was a fixed obligation against his estate. So far as the allegations of the appellant's application to modify the decree for alimony are concerned, there is nothing to indicate that Frank P. Goldsberry, during his lifetime, was entitled to such modification. If Frank P. Goldsberry, the husband, did not have the right during his lifetime to have the decree granting the alimony modified, no action in that regard survived his death. The action could not survive Goldsberry's death if it did not exist. Hyde, Adm'r v. Wabash, St. Louis & Pac. Ry. Co., 61 Iowa 441, 16 N. W. 351, 47 Am. Rep. 820; Seney v. Chicago, Milwaukee & St. Paul Ry. Co., 125 Iowa 290, 101 N. W. 76; Barney v. Barney (14 Iowa 189, local citation 195), supra.

It is said in the appellant's application that the estate of Frank P. Goldsberry unexpectedly is called upon to pay an obligation for which the said Goldsberry was surety, and that Goldsberry's prop-

erty otherwise has greatly depreciated in value. But there is nothing to indicate that these conditions arose before the death of Frank P. Goldsberry. Under section 10481 of the 1931 Code above quoted, subsequent changes in the alimony may be made when "circumstances render them expedient." These circumstances, as shown by the cases above cited, must arise subsequent to the decree. When the decree was entered, it determined all the then existing circumstances of the parties relating to the alimony. McNary v. McNary, 206 Iowa 942, local citation 946, 221 N. W. 580, and other cases above cited. Manifestly, then, there is nothing to indicate that any condition existed during the lifetime of Frank P. Goldsberry which entitled him to a modification of the alimony decree.

On the other hand, however, the application in no event set forth a reason for a modification of the alimony decree. At the time the husband entered into the stipulation for alimony with his wife, he knew of the suretyship and of his contingent liability thereunder. Not only that, but likewise, the husband at the time must have realized that the value of property may fluctuate from time to time. Concerning this, it was stated in Kiger v. Kiger, 205 Iowa 1200, reading on pages 1201 and 1202, 219 N. W. 314:

"In Keyser v. Keyser, 193 Iowa 16, 186 N. W. 438, we said: 'While the statute contemplates that changes may be made in an award of alimony after a final decree has been entered, it is only when there has been a substantial change in the conditions of the parties that a modification should be made. An award of alimony entered in a final decree is not to be regarded *as a variable sum, to be adjusted either upward or downward with each fluctuating change in the conditions of the respective parties*. Such a decree is entered at the time, with a view to reasonable and ordinary changes that may be likely to occur in the relations of the parties. At the time such an award is made in a final decree, the court should take into consideration all of the facts and circumstances surrounding the parties at the time, and *also the reasonable prospects regarding their future condition, and make such an award as will fairly and reasonably be right and proper, under all of the circumstances.* When this is done, such decree is *conclusive*, and should not be disturbed, unless it is made to appear that the enforcement of the decree will be attended by positive wrong or injustice, under changed conditions.' "

To the same effect, see Toney v. Toney, 213 Iowa 398, 239 N. W. 21.

In the record, it is suggested that when the alimony was granted, the appellee received her just portion of the common property. So the property given her by her former husband was not merely alimony, but something more.

It is apparent, under all the circumstances and conditions, therefore, that the judgment of the district court must be affirmed. Accordingly, it is affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, and DONEGAN, JJ., concur.