## McClellan *v.* McClellan.

In order to give this court jurisdiction over an appellee, he must be served with notice in some manner, and this service is as essential to give jurisdiction, where there is no voluntary appearance, as it is in the District Court.

When the judgment is against the plaintiff in the court below, in cases where there has been no personal service on defendant, and no appearance made by him, and his residence is still unknown, the Code provides no method for giving notice of appeal.

Under the Code, this court has power, by the establishment of proper rules, to supply defects in the title regulating the organization of this and the District Courts, so as to carry out the general spirit and intent of the system of practice, and make such other rules, consistent with law, as it may deem expedient.

In establishing such a rule, we know of none better than that provided for bringing a party into the District Court, by section 1725 of the Code, where there has been a return of not found.

The appellant must have his notice of appeal returned not found, before he makes his publication.

The notice must be published in a newspaper, as convenient as practicable to the court where the action was commenced, to be determined by the clerk of such court; and should be published for four successive weeks, the last publication to be at least fifteen days prior to the commencement of the term at which the appeal is to be heard.

The same proof and affidavit of the service will be required, as is provided for in similar cases in the District Court, by section 1826 of the Code.

If the appellee is a non-resident, and has an agent or attorney within the state, the notice should be given him, instead of by publication.

*Appeal from the Linn District Court.*

Petition for divorce. There was no personal service on defendant, and no appearance made by her in the court below. Publication was made, and the usual affidavit filed, as provided for in sections 1728, and 1826, of the Code. On the hearing, the complainant's bill was dismissed, and from this order he now appeals.

*I. M. Preston,* for the appellant.

Wright, C. J.—A jurisdictional question arises, and must be first disposed of. The complainant has given no-

tice of this appeal to the clerk of the District Court, who has accordingly transmitted to this court a transcript of the record in the cause. No notice has been given of the appeal to the respondent, by publication or otherwise. The appellant makes suggestion of this position of the case, and asks us to determine whether he shall be allowed to proceed, without further or other notice, and to make such order in the premises, as may entitle him to a hearing in a proper manner, and to serve as a rule, in subsequent cases, where the same question may arise.

The Code, after providing for the different kinds of service in cases originating in the District Court, including that by publication, says, that upon being served with notice in either of the methods heretofore prescribed, the defendant shall be considered in court. Section 1730. In order to give this court jurisdiction, however, over the appellee, he must be served with notice in some manner, and this service is as essential to give jurisdiction, when there is no voluntary appearance, as it is in the District Court. When judgment is against the plaintiff in the court below, when there has been no personal service on defendant, and no appearance made by him, and his residence still unknown, the Code provides no method for giving notice of appeal. In such case, shall the plaintiff be denied his right to be reheard on appeal in this court? Is there no power to supply this defect in the law? We think there is. Under the Code, this court has power, by the establishment of proper rules, to supply defects in the title regulating "the organization of this and the District Court," so as to carry out the general spirit and intent of the system of practice, and such other rules consistent with law, as we may deem expedient. Sections 1589, 1890. To establish a rule or rules, by which a non-resident appellee may have notice of appeal, is certainly not inconsistent with law, but would be carrying out the spirit and intent of the system. A judgment rendered on an appeal, so taken, without appearance, would of course have no greater force or effect, than if rendered in the District Court, upon the same service; and, therefore, the appellant, if successful in this court, would

McClellan v. McClellan.

occupy no better, or other position, than if he succeeded in the court below.

In establishing such a rule, we know of none better than that provided for bringing a party into the District Court, by section 1725, where there has been a return of not found. The appellant must have his notice of appeal returned not found, before he makes his publication. This publication must be made in a newspaper, published as convenient as practicable to the court where the action was commenced, to be determined by the clerk of such court. It should, also, be for four successive weeks—the last publication to be at least fifteen days prior to the commencement of the term, at which the appeal is to be heard. The same proof and affidavit will be required, as is provided in similar cases in the District Court, by section 1826. Should the appellee, being a non-resident, have an agent or attorney within the state, the notice should be given to him, instead of by publication. section 2498. This cause will be continued, that publication and service may be made, in accordance with the above requirements.

END OF CASES DECIDED AT THE DECEMBER TERM, A. D. 1855.