## BARNEY v. BARNEY.

1. REVIVOR: SUGGESTIONS OF COUNSEL. The entry of record in the Supreme Court of a suggestion of the death of a party to an action, and a continuance for notice to the survivor, does not operate as a revivor of the cause.

2. ABATEMENT: DIVORCE. In divorce the cause of action cannot survive or continue after the death of either party; and such death operates to abate the action.

3. SAME: Where the District Court entered a decree divorcing the wife from the husband, and giving to the former the custody of their minor children, and the control of her separate property, it was held, that her death, before appeal, abated the proceeding, and that no revivor thereof could be had.

*Appeal from Jasper District Court.*

THURSDAY, DECEMBER 4.

DIVORCE. The facts are sufficiently stated in the opinion of the court.

*Tho. F. Withrow, amicus curiæ.*

1. The cause has never been appealed in the manner prescribed by the law, no notice of appeal having been served upon the appellee; and the order of revivor was made before the court acquired jurisdiction. Code of 1851, § 1794; *McClelland* v. *McClelland,* 2 Iowa, 313; *Lewis* v. *Miller,* 4 G. Greene, 96; *Anderson* v. *White,* 10 Paige's Ch. R.

2. The proceedings in revivor were irregular in this: that no notice of the application was served upon the minor heirs, and no guardians *ad litem* was appointed by the court to protect their rights. They were beyond the jurisdiction of the state, and the court could not acquire jurisdiction of their persons. *Wilkinson* v. *Parish,* 3 Paige's Ch. R., 654, Code of 1851, §§ 1687–1789; *Douglas* v. *Sherman,* 2 Paige's Ch. R., 362; *Weil et al.* v. *Lowenthal,* 10 Iowa, 577.

3. The decree abated by the death of the plaintiff, and as neither the cause of action nor the decree survives to any one, it cannot be revived. *O'Hagan* v. *The Executor of O'Hagan*, 4 Iowa, 509; *Long* v. *Hitchcock*, 3 Ohio, 275.

4. It cannot in any event be revived in the name of the heirs, as it is not a decree affecting real property. *South's Heirs* v. *Hoy*, 3 Bibb, 524; SEWALL, J., in *Porter* v. *Rummery*, 10 Mass., 69; *Russell's Heirs* v. *Craig's Devisees*, 3 Bibb, 377; *Meek's Heirs* v. *Ealey's Heirs*, 2 J. J. Marsh., 331; *Kincart's Heirs* v. *Sanders' Executors*, 2 A. K. Marsh, 31; 3 Danl. Ch. Pr., 1856.

*Casady & Polk*, for the appellee.

I. This decree effects rights which survive the death of the plaintiff in this, that it fixes the control of the property of the wife and the custody of the children; and the defendant has a right to have the decree reviewed in this court, on appeal. *Thornberry* v. *Thornberry*, 4 Litt., 252; *Boggess* v. *Boggess*, 4 Dana, 307; *Degosnett* v. *Degosnett*, 4 Id., 499; *Maguire* v. *Maguire*, 7 Dana, 181; *Pence* v. *Pence*, 6 B. Monr., 497; *Bourne and wife* v. *Simpson*, 9 Id., 457; Const., art. 5, § 4; Code of 1851, § 1855; Rev. 1860, § 2631; *Sander's Heirs* v. *Van Buskirk*, 1 Dana, 410.

II. Under the old chancery practice there was abatement and revivor (1 Chit. Pl., 448; Bac. Abr., Abatement, T.; Com. Dig., Abatement, H., 32; Mit. Eq. Pl., by Jeremy, 57; Story Eq. Pl., § 354), but, under our system, there is no abatement. Upon a suggestion of the death of a party the cause *continues* in the name of his representative. Rev. Stat., 1843, pp. 48, 112, 476; *Sheppard* v. *Ford*, 10 Iowa, 502; *Blakemore et al.* v. *Allen et al.*, 10 Iowa, 550; Code of 1851, §§ 1698, 1699, 1982.

III. If the statute has not provided for appeal in this class of cases, the Supreme Court has power to prescribe a

method.   Code of 1851, §§ 1563, 1590; Rev., 1860, §§ 2639, 2680; *Campbell & Bro.* v. *Ayers*, 4 Iowa, 358.

BALDWIN, C. J.   The complainant obtained a decree of the District Court of Jasper county, divorcing her from the respondent, and giving to her the care and custody of the minor children.   It was further ordered in the decree, that the complainant hold and enjoy all rights of property which she had before her marriage, or which had accrued from her separate estate, free from all interference or control of said defendant.   In a few weeks after this decree was obtained, the complainant died.   The defendant after the death of complainant, and within the time for taking an appeal, served a notice upon the clerk of the District Court of Jasper county, notifying him that he had appealed from the said decree to the Supreme Court, and directing said clerk to make and send up a transcript of said cause.

At the June term, 1861, of this court, the cause was docketed, and the defendant by his attorney appeared and suggested the death of the complainant, and obtained an order, that notice be given by publication to the heirs of the complainant of the pendency of this appeal, and had the cause continued for this purpose.

The notice of an appeal was published in pursuance of such order, and a copy thereof served upon the attorney of complainant.   At the suggestion of Thomas F. Withrow, who appears as a friend of the court, several questions have been presented, of a jurisdictional character, for our consideration.   It is suggested that this court never has acquired jurisdiction of this cause, that it had no power to direct notice of the pendency of the cause in this court to be given to said heirs, and that for the want of such jurisdiction, the cause should be dismissed.

When a cause is pending in this court, and the death of one of the parties is suggested, such suggestion is made a matter of record, and the cause is continued for the purpose of having the representative of the deceased brought into court, unless by consent, such party can at once be substituted. This suggestion and order of continuance is permitted as a matter of right, without intending thereby to prejudice the rights of any party.

We therefore do not consider the action of this court in assenting that the suggestion of the counsel should be made a matter of record, and in continuing the case, that the heirs might be brought in by notice, a revivor of this cause as against the children or heirs of the deceased. It is also maintained that the appeal has not been perfected, in the manner prescribed by the statute; that appeals are taken by service of notice in writing upon the opposite party, &c.; that such service is essential to give the court jurisdiction, where there is no voluntary appearance; that unless the statute in this particular is complied with, the appeal is not properly in this court, citing *McClelland* v. *McClelland*, 2 Iowa, 313; *Lewis* v. *Miller*, 4 G. Greene, 96; that, in this case, there was no such service upon the appellee, that there was no appellee *in esse;* that the court could not acquire jurisdiction before the appeal was perfected, when the revivor was attempted there was no necessity for further notice.

To these suggestions it is replied that the law gives the right of appeal in all cases; that actions do not abate by the death, marriage or other disability of either party, if from the nature of the case the cause of action can survive or continue. Code, § 1698. That in the District Court, when either party dies pending the action, "the court on motion may allow the action to be continued by or against his representative or successor in interest. § 1699. "That, in this court, in case of the

death of any or all of the parties, the proceedings shall not abate, but the names of the proper parties being substituted, the cause may proceed."

The positions thus far assumed by the counsel of the appellant are correct—our statute gives the right of appeal in all cases. It provides that where either party dies during the pendency of such appeal, the action does not abate, but upon motion, the proper parties may be substituted, and the cause proceed, if from the nature of the case the cause of action can survive or continue. Granting, therefore, that the respondent has a right to appeal, and to have the representatives of the deceased substituted, the question arises, whether from the nature of the case the cause of action can survive or continue.

By a reference to the petition, we find that the complainant, for the causes therein stated, asks for a dissolution of the bonds of matrimony, existing between her and the respondent; she asks for the care and control of the minor children, and that she may have the right to use and dispose of her own separate property.

The prayer of the complainant, so far as it relates to the care of her children and the control of her property, are questions incident to the divorce; the gravamen of the bill is the dissolution of the marital relation. Can this cause of action survive, or can it, upon the suggestion of her death, be revived and continued against her representatives? We answer, that it cannot. The marital relation is personal in its character, and a proceeding to dissolve this relation is personal. The well-known maxim of the law, —*actio personalis moritur cum persona*, readily applies. From the nature of the case, in so far as this proceeding related to the divorce, the cause was ended by the death of the complainant. It could not be revived, because there was nothing to survive, death itself having settled the question of separation beyond all controversy.

VOL. XIV.—25

The decree obtained by complainant not only grants to her a divorce *a vincula*, but gives to her the control of her separate property, and the care and custody of her minor children.

As the death of the complainant had forever settled the question as to a restoration of the marital relations, it is evident that it is from that portion of the decree affecting the control of the children and property of deceased that defendant appeals.

The counsel upon both sides have ably and elaborately discussed the doctrine of revivor in all its bearings, and have endeavored to lay before us some settled rules that should guide us in the determination of this somewhat singular case.

We are of the opinion, however, that it must be decided under the provisions of our statute, and that it is our duty to look to the whole record, and determine from that whether there is any right that survives the death of complainant, or whether there is any cause to be revived against the representatives of the deceased. We have before stated that, in so far as this proceeding related to the divorce, it was at an end.

We think also that the portion of the decree which gave to the complainant the custody of the children, ceased to have any effect upon the death of the mother. This right could not survive her, or be transferred to any other person, so that, when she died, the respondent stood in that relation towards his children that he would have done had the decree never been made.

We are likewise unable to determine from this record, in what respect the decree, giving the complainant the use and control of her separate property, could prejudice the rights of respondent. The complainant in her bill does not allege that she is possessed of a farthing's worth of personal property, nor does she undertake to describe any

Barney v. Barney.

realty to which she had any title. The decree gives nothing more than is prayed for. It does not, therefore, appear from the record, that the complainant had any property to which any right could survive. If, therefore, the complainant died without any realty, there was no interest that could be represented by these heirs, that the appellant has undertaken to bring before this court; and if there was no personal property (and upon this point we must be governed by the record), there is no occasion for the substitution of the executor or administrator of the deceased. Applying the rule, therefore, as given in the statute, this cause must abate by the death of the party as, from the nature of the case, there is nothing to survive.

Again, we think that this action cannot be revived against these children, because it does not appear that they are in any manner interested in the determination of this cause. It does not appear that they became entitled to any property of the deceased either by will, or by descent.

We also are of the opinion that this cause cannot be revived against these children, because they are not of that age that would admit of their being made parties to a proceeding in court by the service of notice upon them alone.

Section 1729 of the Code provides that where an action is against minors, under the age of fourteen years, service must be made upon the father or mother or guardian, and if there be none such within the state, then upon the person having the legal care and control of such person, if there be any.

Taking the bill as true, the children were neither of them of such an age, when this notice was served upon them, as would give this court jurisdiction over their persons.

The appeal is therefore

Dismissed.