FRANCIS HIGGINS, Appellee, v. MARY HIGGINS, Appellant.

**DIVORCE: Alimony—Non-abatement by Death.** A decree for alimony
1 does not abate on the subsequent death of the party to whom the alimony was awarded. (See Book of Anno., Vol. I, Sec. 10468, Anno. 39.)

**APPEAL AND ERROR: Supersedeas—Effect.** A supersedeas bond on
2 appeal does not work a *vacation* of the judgment which is superseded.

Headnote 1: 19 C. J. p. 278.   Headnote 2: 3 C. J. p. 1316.

Headnote 1: 1 R. C. L. 43.

*Appeal from Lyon District Court.*—B. F. BUTLER, Judge.

## DECEMBER 13, 1927.

Action for a divorce. Decree granting the prayer of the petition for a divorce and alimony. The defendant appeals.—*Affirmed.*

*Healy & Breen,* for appellant.

*Warren H. White* and *Fisher & Riter,* for appellee.

STEVENS, J.—This is an action for divorce. The decree granted the prayer of the petition for the divorce, and also for alimony. The defendant appeals. Pending this appeal, and

1. DIVORCE: alimony: non-abatement by death.

without the knowledge of counsel at the time of the submission thereof in this court, the plaintiff died. The plaintiff died testate, and his son Edward has qualified as special administrator of his estate. A motion has been filed by the special administrator to permit him to be substituted as plaintiff. The motion is not resisted, but is met with a counter motion for an order to vacate the judgment for alimony and the decree below, upon the ground that the action and all matters incident thereto abated immediately upon the death of the plaintiff.

The exact questions presented by these motions have not previously been passed upon by this court, although they have been determined on principle.

"All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same." Section 10957, Code of 1924.

The question as to whether an action for divorce or for the modification of a judgment for alimony survives, early arose in this state. *O'Hagan v. Executor of O'Hagan,* 4 Iowa 509. That was an action to modify a decree for alimony. The husband died during the pendency of the action. The court dismissed the petition, and the surviving spouse appealed. The court affirmed the judgment below, holding that by the death of the husband the action to modify the judgment for alimony was abated. The discussion of the court in that case assumed a wide range. The

real ground of the decision; however, is that, as the right to the divorce and alimony terminated on the death of the husband, there was nothing to survive. The court did not, however, hold, nor was the question presented to it, that the judgment for alimony was in any way affected by the death of the husband. The holding of this case was followed in *Barney v. Barney*, 14 Iowa 189; but there is an implication in the later opinion that at least a different question would have been presented if property rights had been involved.

The plaintiff in *Dennis v. Harris*, 179 Iowa 121, asked that a decree of divorce, which she charged was obtained by fraud by the husband, who, at the time of the commencement of the action, was deceased, be vacated and set aside, and if the relief was denied, that she have additional alimony. The court held that the decree of divorce and for alimony was obtained by fraud, and set the same aside, thereby restraining the plaintiff to the right to a distributive share of the property. The question now before us was neither raised nor discussed in the *Dennis* case.

We held in *Hill v. Victora*, 180 Iowa 417, that, although the divorce proceedings abated upon the death of one of the parties, the case might be reopened, and property rights adjudicated.

We held in *Melvin v. Lawrence*, 203 Iowa 619, which was a suit by the wife to vacate a divorce decree, that issues affecting property might be determined therein after the death of the husband. These cases, in principle at least, fully sustain our conclusion that the death of one of the parties to a pending action for a divorce does not abate the action when property interests are involved.

This, we believe, is the rule in the various jurisdictions of this country. *Israel v. Arthur*, 7 Colo. 12 (1 Pac. 442); *Israel v. Arthur*, 6 Colo. 85; *Wren v. Moss*, 2 Gilman (Ill.) 72; Note to *Harding v. Harding*, 102 Am. St. 700; *Martin v. Thison's Estate*, 153 Mich. 516 (116 N. W. 1013); *Downer v. Howard*, 44 Wis. 82; *Larimer v. Knoyle*, 43 Kan. 338; *Thomas v. Thomas*, 57 Md. 504; Annotation, 18 A. L. R. 1040; *Nickerson v. Nickerson*, 34 Ore. 1 (48 Pac. 423); *Hagerty v. Hagerty*, 222 Mich. 166 (192 N. W. 553); *Caddell v. Gibson*, 204 Mo. App. 182 (222 S. W. 873); *Bradshaw v. Sullivan*, 160 Ark. 547 (254 S. W. 1064).

Execution on the judgment for alimony was stayed by the filing of a supersedeas bond. This did not, however, have the

2. APPEAL AND
ERROR: super-
sedeas: effect. effect to vacate the judgment, but only to pre-
vent its enforcement during the pendency of the
appeal. Section 12858, Code of 1924; *Abrams
v. Sinn*, 193 Iowa 528; *Boynton v. Church*, 148 Iowa 197; *Dolan
v. Bartruff*, 165 Iowa 252. ...

The plaintiff and defendant owned an undivided interest in
320 acres of land. A judgment for $8,396.65 alimony was entered in the court below. The executor of the estate of Francis
Higgins, plaintiff, and his legatees are interested in the affirmance of the judgment for alimony. If the action were abated,
and the decree for divorce and for alimony invalidated, by the
death of the plaintiff, then appellant would be entitled to her
full distributive share in the estate of the deceased plaintiff. We
are, therefore, of the opinion that the action as to the alimony
and property rights involved did not abate by the death of the
plaintiff, and the motion of appellant for an order to set aside
and vacate the judgment and to dismiss the action must be overruled. This being true, the motion of the special administrator
to be substituted as plaintiff is sustained.

The parties were married February 14, 1874, and were, at
the time of the trial, aged 76 and 72 years, respectively. They
lived together as husband and wife for more than fifty years,
reared a family, and accumulated considerable property. The
ground alleged for a divorce is cruel and inhuman treatment
such as to injure the life of the plaintiff. We shall not review
the evidence in detail in this opinion. Only the question of
property is now involved. Plaintiff, according to the overwhelming weight of the evidence, was an industrious, hard-working
man. Appellant, no doubt, also did her part in the accumulation
of the property. The evidence shows that she was possessed of
a bad temper and a cruel disposition. Agness, a daughter, was
ill for many years. Appellant accused her husband of poisoning
her or otherwise causing her death. The sons early left home,
largely because of appellant's conduct and attitude toward them.
She thereafter treated them almost as strangers, and refused to
attend the funeral of Thomas, the oldest son. She had nothing
to do with Edward, whom the plaintiff named as the residuary
legatee in his will, a copy of which is attached to the motion for
substitution of the administrator as plaintiff. The larger part
of the estate passed under the residuary clause of the will. Ap-

pellant explains her attitude towards her sons by saying that they were wild, dissipated, and ungrateful. The testimony shows that appellant struck the plaintiff on one occasion, on a public highway. The court in its finding of facts referred to the plaintiff as a man of small stature and of a retiring disposition. A careful reading of the record fully satisfies us that the decree awarding the divorce to the husband is fully sustained by the evidence. It is true that many of the incidents referred to occurred years ago, yet there appears to have been no abatement in the wife's treatment of her husband.

Two points are urged by appellant with great earnestness: one that the evidence of the plaintiff is without corroboration; and the other, that it does not show that the treatment accorded to him was of such a character as to, or that it did, endanger his life. It is true that the parties lived together for a great many years, but their relations were decidedly unpleasant. Nevertheless, the effect of appellant's treatment of her husband as he advanced in years was well calculated to impair his health and endanger his life.

The court found that, on or about March 5, 1906, appellant had $13,000 on deposit in the bank, one half of which belonged to and was the property of her husband. The court also found that a note for $3,000 executed by the husband was for the joint use and benefit of the parties. The court, therefore, allowed the plaintiff $6,500, one half of the bank deposit, and one half of the $3,000 note, on which there were interest accumulations. In reality, therefore, the judgment entered as alimony involved only money and property to which the plaintiff was entitled as a matter of right. The property of the parties was owned and maintained jointly, and the decree was in harmony with this relationship.

We reach the conclusion, upon the whole record, that the decree of the court below was right, and it is—*Affirmed*.

EVANS, C. J., and DE GRAFF, KINDIG, and WAGNER, JJ., concur.