MARY R. GRAY,

*vs.*

CHARLES A. CONNER and LILLIE MAY CONNER.

*Sussex, March 9, 1928.*

*Henry Ridgely*, for complainant.

*Daniel J. Layton*, for defendants.

THE CHANCELLOR. There are two titles left in the defendant. One of them is to the house and lot of which Fox was tenant in fee in possession at the time he conveyed it to the defendant July 13, 1900. The other is to the farm, in which Fox had a vested interest in remainder at the time he conveyed to Conner on December 18, 1903. Conner has been in possession of the former for twenty-seven years and of the latter since April 4, 1927, the date of the termination of the life estate.

The demurrer raises the question of laches. The solicitor for the defendants contends that inasmuch as an action at law might be brought to recover possession of land from one whose title is founded on a deed fraudulently obtained (citing to that effect *Dulany v. Green*, 4 *Har*. 285; *Doe ex dem. Short v. Prettyman*, 1 *Houst*. 334; *Doe ex dem. Guest v. Beeson*, 2 *Houst*. 246),

equity will refuse the remedy of cancellation if the institution of the suit is delayed beyond the period when, if the action were at law, the statute of limitations would constitute a bar.

If this contention be accepted (which is left undecided), it would effectively dispose of the claim for relief based on the fraud charged against the deed of 1900. This is for the reason that twenty-seven years have elapsed since the right of action based on that conveyance first accrued, a period of seventeen years longer than the statutory period. If Fox, in whom the right was when it accrued, be said to have labored under the disability of insanity induced by extreme alcoholism and for that reason to have been disabled, the ten-year period of grace allowed by the statute of limitations to those laboring under disability has run out, for the reason that the disability of Fox terminated with his death in 1914. *Wood v. Wood*, 136 *Iowa*, 128, 113 *N. W.* 492, 12 *L. R. A.* (*N. S.*) 891, 125 *Am. St. Rep.* 223; *Gibbs v. Sawyer*, 48 *Iowa*, 443; *Arnold v. Arnold*, 35 *N. C.* 174, 55 *Am. Dec.* 434.

But if it be granted that the bar of the statute at law would by analogy be applied by this court to the claim for relief against the deed of 1900, it does not follow that because of statutory limitations the demurrer should be sustained. This is for the reason that there is yet another item of complaint remaining in the bill which, even if the action were at law, would not be barred. I refer to the claim to relief based on the deed of December 18, 1903. That deed, fraudulently obtained as must be assumed on this demurrer, conveyed an interest *in futuro*. It was a vested interest to be sure. But right of possession was deferred until after the termination of a life estate. The statute of limitations (*Revised Code* 1915, §§ 4662, 4663, 4664, 4665) fixes the date of the accruing of the right of entry as the period from which the statute begins to run. With respect therefore to the property conveyed by the deed last mentioned, no action could have been maintained at law until after April 27, 1927, the date when the life estate terminated. *Hall v. Otterson, et al.*, 52 *N. J. Eq.* 522, 28 *A.* 907; *Bohrer v. Davis*, 94 *Neb.* 367, 143 *N. W.* 209, *L. R. A.* 1918*D*, 430, *Ann. Cas.* 1915*A*, 992; *Ball, et al., v. Ball, et al.*, 20 *R. I.* 520, 40 *A.* 234; *Graham v. Stafford*, 171 *Mo.* 692, 72 *S. W.* 507.

Assuming without deciding that the analogous period of limitations found in the statute would be allowed to bar some of the case made by the bill, yet it thus appears that a portion would remain which would not be so barred. This being so a demurrer to the whole bill should be overruled, for "if any part of the case made by the bill entitles the complainant to discovery, or to any relief, it is the general rule that the demurrer must be overruled and the defendant put to answer." *Hilford, Adm'r., v. Way, et al., 1 Del. Ch. 342.*

The foregoing is a sufficient answer to the contention of the defendant in so far as it is based on the analogy of the statute of limitations. Whether, aside from the analogy of the statute, it might be said that laches has characterized the action of the complainant and Fox, her predecessor in title, this is to be said, that if the allegations of the bill be true Fox in his lifetime was in such condition that laches could hardly be attributed to him, and since his death in 1914 when the complainant's rights arose, though thirteen years elapsed before the bill was filed, yet it is not possible on the present showing to say conclusively that the defendant has been prejudiced in any way by the delay. The whole question can be better considered and more satisfactorily determined in the light of a full hearing. The demurrer will therefore be overruled, with the right reserved to the defendants to raise the question at the hearing. This course is permissible. 1 *Daniel's Chancery Practice (4th Ed.)* 602.

Let an order be entered accordingly.