**IN THE COURT OF APPEALS OF IOWA**

No. 17-1224
Filed April 4, 2018

**IN RE THE MARRIAGE OF CHERIE DIANE WILSON-WHITE
AND BRIAN MICHAEL WHITE**

**Upon the Petition of
CHERIE DIANE WILSON-WHITE,**
        Petitioner-Appellee,

**And Concerning
BRIAN MICHAEL WHITE,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Kevin McKeever,

Judge.


        A husband appealed the economic provisions of a dissolution decree but

died while the appeal was pending. **APPEAL DISMISSED.**


        Mark D. Fisher of Nidey Erdahl Fisher Pilkington & Meier, PLC, Cedar

Rapids, for appellant.

        Alison Werner Smith of Hayek, Moreland, Smith & Bergus, L.L.P., Iowa City,

for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Brian White and Cherie Wilson-White were married in 1996. A decree dissolving their marriage was entered by the district court on May 10, 2017. Among other things, the decree ordered Brian to pay Cherie monthly spousal support for ten years or until Cherie's death or remarriage, assigned Brian liability for one-half of Cherie's medical bills relating to a domestic-violence incident, ordered that each party be responsible for up to one-third of their child's postsecondary-education expenses, and required Brian to pay a portion of Cherie's attorney fees incurred in the dissolution proceeding. Pursuant to Iowa Rule of Civil Procedure 1.904(2), Brian filed a motion to reconsider, enlarge, or amend requesting the court to, among other things, eliminate the foregoing financial obligations. The court denied his requests. Brian appealed, challenging the district court's spousal-support award to Cherie, the requirement that he be responsible for a portion of her medical expenses, the imposition of the postsecondary-education obligation, and the award of trial attorney fees in favor of Cherie. Brian also requested an award of appellate attorney fees. Cherie did not cross-appeal, but she has also requested an award of appellate attorney fees. Cherie generally requests this court to "affirm the district court's ruling in its entirety."

While this appeal was pending, Brian died. The parties' attorneys filed a joint statement to the court concerning Brian's death. Cherie's attorney requested "for the court to hear and resolve the appeal as submitted, for the purposes of finalizing any potential judgments [Cherie] may have as against any later-opened estate of [Brian]." Brian's attorney took no position. This court issued an order

staying the proceedings and directing Brian's estate or legal representative to file an appearance and move for party substitution within thirty days.[1]  Approximately two weeks later, Brian's attorney moved to withdraw, stating he "does not believe that any estate will be opened or legal representative appointed."  Cherie's attorney subsequently filed a "statement regarding the status of the appeal" in which she argued Brian's death does not abate the proceedings and this court could either decide the appeal without substitution or substitute the proper party *sua sponte.*  Cherie's position is that she "is entitled to a final ruling on the judgment from the district court, both for her own protection and for certainty in the event an estate is eventually opened."

This appeal presents the issue of whether the death of a party to a pending appeal from a dissolution proceeding abates the cause of action or renders the appeal moot.

"It is well established that criminal prosecutions, including any pending appellate proceedings, abate upon the death of the defendant."  *Maghee v. State*, 773 N.W.2d 228, 231 n.2 (Iowa 2009).  This rule, however, does not apply to civil proceedings.  *See id.*  At common law, causes of action arising from an injury to the person died with the person, whereas causes of action having an effect on estate or property rights survived to and against the decedent's executor.  *See*

---

[1] *See* Iowa Code § 625A.17 (2017) (noting that, upon the death of a party, "the names of the proper persons *shall be substituted* . . . and the case may proceed" (emphasis added)); Iowa R. Civ. P. 1.221 ("Any substitution of legal representatives or successors in interest of a deceased party, permitted by statute, *must be ordered* . . . after the death of the original party." (emphasis added)); Iowa R. App. P. 6.109(3) ("If substitution of a party is sought for any reason, including those stated in Iowa Rs. Civ P. 1.221 . . . , *the person seeking the substitution* must file a motion for substitution of party with the clerk of the supreme court." (emphasis added)).

*Shafer v. Grimes*, 23 Iowa 550, 553 (1868). In the mid-1800s, "the legislature enacted survival statutes to ameliorate the harshness of these common-law rules." *Maghee*, 773 N.W.2d at 231. Specifically, the common-law rule that a cause of action arising from an injury to the person dies with the person was abrogated by statute in circumstances where the action could be "continued by or against [the decedent's] respective representatives." *See* Iowa Code § 2502 (1851); *see also Maghee*, 773 N.W.2d at 231–32. The 1851 Iowa Code also addressed abatement of ongoing proceedings:

> Actions do not abate by the death . . . of either party . . . if from the nature of the case the cause of action can survive or continue. . . . In such cases the court on motion may allow the action to be continued by or against the representative, or successor in interest.

Iowa Code §§ 1698–99. In the 1860 revision of the Iowa Code, the legislature amended the foregoing provision and moved it to a section of the code concerning "*Appeals from the District Court to the Supreme Court.*" *See* Iowa Code § 3520 (1860). Said provision is nearly identical to the current survival statute governing appellate proceedings. *Compare id.*, *with* Iowa Code § 625A.17 (2017). *See also Maghee*, 773 N.W.2d at 232 (concluding the same, but renumbered, provision in the 1873 Iowa Code was the survival statute governing appellate cases).

The current survival statute governing appellate cases provides the following:

> The death of one or all of the parties shall not cause the proceedings to abate, but the names of the proper persons shall be substituted, as is provided in such cases in the district court, and the case may proceed. The court may also, in such case, grant a continuance when such a course will be calculated to promote the ends of justice.

Iowa Code § 625A.17.  A straightforward reading of this language "would lead one to conclude that no civil claim or action abates upon the death of a party."  *Maghee*, 773 N.W.2d at 232.  "Nonetheless, [our supreme] court has long held that civil claims or actions personal to the decedent are extinguished by the decedent's death."  *Id.*  It is true that this practice is difficult to reconcile "with the all-encompassing, unqualified language of the survival statutes," but the practice is "not inconsistent with the survival statutes when these cases are viewed as applications of the mootness doctrine."  *Id.* at 233.  "[A]lthough an action does not abate upon the death of a party, as provided by our survival statutes, the case must still present a justiciable controversy in order to proceed."  *Id.*

The Iowa Supreme Court considered the effect of the early survival statutes shortly after their enactment.  *See generally Barney v. Barney*, 14 Iowa 189 (1862).  The court recognized the Code provided "that where either party dies during the pendency of [an] appeal, the action does not abate, but upon motion, the proper parties may be substituted, and the cause proceed, if from the nature of the case the cause of action can survive or continue."  *Id.* at 193.  In *Barney*, the supreme court concluded an appeal from a divorce proceeding could not survive the death of the appellee and be continued against her legal representatives because "death itself . . . settled the question of separation beyond all controversy," the child-custody provision of the decree "ceased to have any effect upon the death of the mother," and the decedent did not possess "any property to which any right could survive."  *Id.* at 193–95.  The court therefore concluded "the cause must abate by the death of the party as, from the nature of the case, there is nothing to survive."

*Id.* at 195. This amounted to a conclusion that the issues involved in the appeal were moot. *See id.*

The court later recognized *Barney* presented a situation in which no property interests were involved, but clarified that "[w]here property interests are directly affected, the rule quite generally prevails that the decree in a divorce suit may be assailed by appeal or otherwise the same as any other judgment." *Wood v. Wood*, 113 N.W. 492, 493 (Iowa 1907). The court explained that, when property rights are involved in the appeal, the heirs or legal representative of the deceased may still have a cognizable interest in the appeal and may "prosecute the appeal to determine whether the divorce was rightly granted, in order that conflicting property rights as between them and the other party to the suit might be determined." *Id.* at 494. In *Wood*, the court declined to abate the appeal because (1) property rights were involved and (2) personal representatives were prosecuting the appeal on behalf of the decedent. *See id.* at 493–94. The issues on appeal were therefore not moot. Similarly, in *Doolittle v. Doolittle*, a husband died pending an appeal of a divorce decree; his executors were substituted as the appellant and were allowed to prosecute the appeal "because of the effect of the decree upon property rights of the heirs, devisees, and legatees" of the deceased party. 147 N.W. 893, 893 (Iowa 1914).

In *Higgins v. Higgins*, the defendant appealed a decree granting a divorce and awarding alimony to the plaintiff. *See* 216 N.W. 693, 693 (Iowa 1927). While the appeal was pending, the plaintiff-appellee died, testate, and his son was appointed as the administrator of his estate. *Id.* The son moved to be substituted as the appellee. *Id.* The appellant moved for vacation of the decree "upon the

ground that the action and all matters incident thereto abated immediately upon the death of the plaintiff." *Id.* The supreme court repeated its position "that the death of one of the parties to a pending action for divorce does not abate the action when property interests are involved"—here, alimony. *Id.* The court reasoned the estate representative had an interest in the affirmance of the judgment for alimony and, therefore, the "action as to the alimony and property rights involved did not abate by the death of the plaintiff." *Id.* Similarly, in *Oliver v. Oliver*, a plaintiff appealed a divorce decree. 248 N.W. 233, 234 (Iowa 1933). "Subsequent to the appeal being taken, the defendant died, and, on motion, the executor of his will was substituted [on appeal] as appellee." *Id.* The executor moved to dismiss the appeal, arguing the appeal was abated by the defendant's death. *Id.* The supreme court refused to dismiss the appeal because the appeal involved property rights and the custody of children. *Id.*

The general theme in the foregoing cases is that an appeal from a dissolution proceeding is not moot or abatable where the appeal involves property rights and the deceased party is substituted by a legal representative who can prosecute the decedent's interests. The survival statute governing appellate proceedings specifically requires that, upon the death of a party, "the names of the proper persons *shall* be substituted" after which "the case may proceed." Iowa Code § 625A.17 (emphasis added). Our rules of civil procedure similarly mandate substitution, unless "the decedent's right survives entirely to those already parties." Iowa R. Civ. P. 1.221. If substitution is sought, the person seeking such substitution must move therefore. *See* Iowa R. App. P. 6.109(3).

In this case, even after this court directed the estate or legal representative to file an appearance and motion to substitute parties, no motion for substitution was filed. Further, Brian's counsel filed a motion to withdraw, reciting his belief no estate will be opened or representative appointed; and counsel for Cherie has filed a statement in agreement with those recitations. We have no substituted party and no indication one will be forthcoming. "[A] failure to substitute parties as provided in the section is ground for dismissal." *State ex rel. Turner v. Buechele*, 236 N.W.2d 322, 324 (Iowa 1975). No representative is present in this appeal to pursue Brian's disagreements with the dissolution decree. Cherie did not file a cross-appeal and merely requests we "affirm the district court's ruling in its entirety," and no party has come forward to exhibit any interest in the effect the decree has on Brian's property interests. In the absence of anyone to pursue the issues asserted by Brian before his death, those issues expired with him. There is no remaining controversy, and the issues before us are therefore moot. *See In re B.B.,* 826 N.W.2d 425, 428 (Iowa 2013) ("[A]n appeal is moot if the 'issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy.'" (quoting *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002))); *cf. Abell v. Howat*, 107 N.W.2d 924, 926 (Iowa 1961) ("It was not error for the trial court to require the substitution of the legal representative of the deceased defendant. Until this is done, there is no defendant to the action from which recovery may be had.").

Furthermore, Cherie only argues she "is entitled to a final ruling on the judgment from the district court, both for her own protection and for certainty in the event an estate is eventually opened." If this appeal is dismissed, she will be

provided with just that—a final ruling from the district court. In the event an estate is opened, Cherie can pursue her rights under the decree in the estate proceeding. Finally, where, as here, a party to an appeal fails to follow an appellate court order, such as an order directing substitution, the court may dismiss the appeal. *See* Iowa R. App. P. 6.1202(6).

We grant Brian's attorney's motion to withdraw. Based on our foregoing analysis, we dismiss the appeal. Because we are dismissing the appeal, we decline to grant Cherie an award of appellate attorney fees. *See, e.g.*, *Marzen v. Floyd Cty. Bd. of Supervisors*, No. 10-1923, 2011 WL 3481052, at *1–2 (Iowa Ct. App. Aug. 10, 2011); *Willger v. Willger*, No. 99-1079, 2000 WL 703161, at *2 (Iowa Ct. App. May 21, 2000).

**APPEAL DISMISSED.**