# IN THE COURT OF APPEALS OF IOWA

No. 18-1553
Filed June 3, 2020

**BELA ANIMAL LEGAL DEFENSE AND RESCUE,**
      Plaintiff-Appellee,

**vs.**

**CITY OF DES MOINES, DES MOINES CITY COUNCIL, CHRISTINE HENSLEY, CHRIS COLEMAN, SKIP MOORE, LINDA WESTERGAARD, BILL GRAY, and T.M. FRANKLIN COWNIE,**
      Defendants-Appellants.

_____

        Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Douglas

F. Staskal, and Jeanie Vaudt, Judges.


        A municipality and several officials appeal following a district court ruling

determining their motion for summary judgment to be moot.    **APPEAL**

**DISMISSED.**



        Michelle Mackel-Weideranders and Lawrence Dempsey (until withdrawal),

Des Moines, for appellants.

        Jaysen C. McCleary, Des Moines, and Cami N. Eslick, Indianola, for

appellee.



        Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Bela Animal Legal Defense and Rescue (Bela) sued the City of Des Moines, its city council, and individual city officials (collectively, City). The petition and amended petition forwarded the following counts: (1) "writ of certiorari,"[1] (2) "violation of Iowa public records law . . . and request for writ of mandamus,"[2] and (3) "negligent retention."[3] The district court granted the City's motion to dismiss as to counts one and three but denied the motion as to count two. Thereafter, Bela filed a "joint application for interlocutory appeal and petition for writ of certiorari," which the supreme court denied. Then the City moved for dismissal and summary judgment. While those motions were pending, Bela filed a motion dismissing its claims under count two, without prejudice, but additionally requesting the court to "correct prior erroneous rulings as to other matters." The City resisted, requesting a ruling on its motions to dismiss and for summary judgment as to count two. Following a hearing, the court deemed the City's motions to dismiss and for summary judgment moot because Bela's dismissal of count two left "no claims remain[ing] for resolution." The court denied Bela's request to modify prior rulings. Bela appealed, and the City cross-appealed.

Prior to submission of the appeal, and after considerable motion litigation and interim orders, a three-justice panel of the supreme court dismissed Bela's appeal, and allowed the City to proceed with its cross-appeal, designating the City

---

[1] This claim alleged the City acted illegally, under a conflict of interest, and contrary to public policy in approving a city contract with the Animal Rescue League of Iowa (ARL).

[2] This claim generally alleged the City and ARL improperly failed to disclose documentation and data.

[3] This claim alleged the City was negligent in retaining certain employees.

and its officials as the appellants going forward. Bela filed a motion to reinstate its appeal. While that motion was pending, Bela filed its "final brief by appellant" and appendix. In a single-justice order, the supreme court denied the motion to reinstate and struck Bela's brief and appendix, and the order was subsequently affirmed by a three-justice panel. Thereafter, the supreme court denied Bela's applications for additional time to file an appellee's brief.

After the case was transferred to this court and submitted for our consideration, Bela filed a motion to submit a finished appellee's proof brief and for waiver of the default penalty. The circumstances raised in alleged support of said motion were in existence for months prior to the last order from the supreme court that denied Bela's motion requesting additional time to file a brief. The City filed a resistance. Upon our review, we deny Bela's motion to submit a brief and for waiver of the default penalty.

On appeal, the City argues the district court should have ruled on its motion for summary judgment, claiming that if it had won the motion for summary judgment, Bela's petition would have been dismissed with prejudice—thus preventing Bela from bringing that same claim in the future—rather than without prejudice per Bela's voluntary dismissal. *See* Iowa R. Civ. P. 1.943. The City asks us to conclude the district court erred by granting Bela additional time to respond to the City's motion for summary judgment, that such error was an abuse of discretion, and the case should be remanded for the district court to rule on its motion.

The lawsuit in this case was brought by Bela. Two of three counts were dismissed upon the City's motion by district court order. The supreme court denied

Bela's petition for writ of certiorari and application for interlocutory review as to said order. Thereafter, Bela dismissed the remaining claims under count two—which were not subjects of Bela's petition for a writ of certiorari and application for interlocutory review—before the district court ruled on the City's motion for summary judgment. There remains no lawsuit in which the district could rule on the City's motion for summary judgment.

The City argues the issue is not moot, that there remains an existing controversy. *See In re Marriage of White*, 912 N.W.2d 494, 498 (Iowa Ct. App. 2018) (noting an issue is moot when "[t]here is no remaining controversy"). The problem with the City's argument is the controversy the City claims exists is no longer subject to a court proceeding, at least the specific proceeding precipitating this appeal. The voluntary dismissal of count two by Bela,[4] the district court's denial of Bela's request for modification of prior rulings, and the supreme court's dismissal of Bela's appeal disposed of the issues in this matter. There is no pending district court proceeding to which we could remand this case. All of Bela's substantive claims against the City in this matter have been dismissed. There is no remaining justiciable controversy as to the issues presented in this appeal. *See id.*

The question before us is not whether the issues raised in the summary-judgment motion were moot in the district court, the question is whether they have been rendered moot in this appeal. "[A]n appeal is moot if the 'issue becomes

---

[4] The legality of the voluntary dismissal has not been challenged on appeal. We offer no opinion as to whether such a challenge would have had merit; we only emphasize the finality of the dismissal in this case.

nonexistent or academic and, consequently, no longer involves a justiciable controversy.'" *In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013) (quoting *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002)). Because there are no pending claims against the City in this proceeding, the questions of whether the court abused its discretion or erred in allowing Bela additional time to respond to the City's motion for summary judgment and declining to rule on the motion are moot. The fact that the dismissal of count two was without prejudice and Bela could potentially refile the claim does not breathe new life into the controversy in this proceeding. While the City claims "the issue remains unresolved," it is resolved upon the record before us. While refiling could resurrect the controversy, it would do so in a different proceeding, not the one now before us on appeal. We dismiss the appeal as moot. *See White*, 912 N.W.2d at 498.

**APPEAL DISMISSED.**