**IN THE COURT OF APPEALS OF IOWA**

No. 20-0555
Filed June 29, 2022

**CHICO MARIO NEWMAN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, John M. Wright, Judge.

An applicant appeals the denial of postconviction relief. **APPEAL DISMISSED.**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Heard by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**TABOR, Judge.**

In 2013, a jury convicted Chico Newman of first-degree murder in the shooting death of his wife, Crystal. Finding overwhelming evidence, we affirmed his conviction on direct appeal. *See State v. Newman*, No. 13-1640, 2015 WL 5278914, at *24 (Iowa Ct. App. Sept. 10, 2015) (preserving claims of ineffective assistance of counsel). In January 2016, Newman sought postconviction relief (PCR). Almost four years later, the district court rejected his ineffective-assistance claims and denied him a new trial. In April 2020, Newman appealed that decision. But in August 2021, while the appeal was pending, Newman died in state custody.

A week after his death, the State moved to dismiss the appeal, arguing Newman's death mooted the issues raised. The supreme court declined to dismiss, instead ordering the mootness issue be submitted with the appeal. The parties briefed the mootness issue along with the merits of Newman's claims. The supreme court then transferred the case to us, and we heard the parties in oral argument. Counsel for the State relied on *Maghee v. State*, 773 N.W.2d 228, 234 (Iowa 2009), to argue that any relief sought by Newman was "rendered ineffectual by his death." Counsel for Newman disagreed, contending the ineffective-assistance claims were not moot because (1) his estate's legal representative could still bring a claim of legal malpractice[1] and (2) remaining restitution owed by

---

[1] *See Trobaugh v. Sondag*, 668 N.W.2d 577, 583 (Iowa 2003) ("[A] claim for legal malpractice in the criminal case context . . . does not accrue until relief from conviction is achieved.").

Newman could give rise to a claim against the estate unless the conviction was overturned.

Following oral argument, we issued an order asking Newman's counsel to provide the following information: (1) whether an estate had been opened for Newman and (2) if an estate has been opened, whether it intended to substitute as a party. In response to our order, Newman's counsel initially stated: "After a diligent search of court records, it does not appear that an estate has been opened to probate Chico Newman's death." But counsel later supplemented that filing, moving to substitute Newman's mother, Arnette Echols, as the "presumptive administrator of his estate." The State resisted substitution, noting the estate is "non-existent."

Against that backdrop, we turn to the State's dismissal request. First off, PCR proceedings do not abate upon the applicant's death. *Maghee*, 773 N.W.2d at 233; *see also* Iowa Code §§ 611.20 ("All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same."); 625A.17 (2016) (governing appellate court procedure and providing, "[t]he death of one or all the parties shall not cause the proceedings to abate"). Still, even though unabated, the case is moot if the relief sought is rendered "impossible" by the appellant's death. *See Maghee*, 773 N.W.2d at 234 (explaining "death has already ended his imprisonment and rendered release impossible"); *see also State ex rel. Turner v. Buechele*, 236 N.W.2d 322, 325 (Iowa 1975) (holding supreme court lacked the authority to order a deceased former office holder restored to his office even if the opinion affected possible future litigation in a suit for salary).

Newman's counsel contends that because financial remedies are at play, relief is not impossible. Even granting that contention, Newman is deceased and cannot take an interest in the money at stake. Moreover, as his counsel confirmed, he has no estate to carry on the torch. Simply put, "we have no substituted party and no indication one will be forthcoming."[2] *In re Marriage of Wilson-White and White*, 912 N.W.2d 494, 498 (Iowa Ct. App. 2018) (discussing mandate for substitution in Iowa Code section 625A.17, Iowa Rule of Civil Procedure 1.221, and Iowa Rule of Appellate Procedure 6.109(3)). That failure to substitute parties calls for dismissal. *See Buechele*, 236 N.W.2d at 324. "In the absence of anyone to pursue the issues asserted by [Newman] before his death, those issues expired with him. There is no remaining controversy, and the issues before us are therefore moot." *Wilson-White*, 912 N.W.2d at 498.

Finally, Newman's counsel urges we apply the public-interest exception to mootness. Newman's appeal presents two ineffective-assistance-of-counsel claims—one for not moving to suppress his statements to police and another for not investigating and introducing Crystal's mental-health records. He also alleges the PCR court abused its discretion by denying him an expert witness. But these types of issues are routinely resolved in the appellate process. So the exception does not apply. *See State v. Hernandez-Lopez*, 639 N.W.2d 226, 235 (Iowa 2002)

---

[2] True, Newman's mother could serve as the administrator of his estate. Trouble is, in mid-May, counsel confirmed there is no estate. And the substitution motion does not indicate an estate has been opened since then. Moreover, Iowa Rule of Appellate Procedure 6.109(3) requires *the person seeking substitution* to file the motion. Here, the motion to substitute was not filed by Arnette Echols, but by Newman's counsel. So we deny the motion.

(considering likelihood an issue will recur yet evade appellate review).  We dismiss the appeal as moot.

**APPEAL DISMISSED.**